# Price *v.* Newell, Appellant.

*Negligence—Automobiles—Collision—Case for jury—Damages.*

1. In an action to recover damages for injuries to an automobile caused by a collision with another automobile where each owner contends that the other was on the wrong side of the road and improperly handled his machine the case is for the jury.

2. In such a case the measure of damages is the difference between the fair market value of the automobile before the accident and its fair market value afterwards.

Argued Dec. 5, 1912. Appeals, Nos. 204 and 205, Oct. T., 1912, by Wesley J. Price et al. and Daniel E. Newell, from judgment of C. P. Monroe Co., Sept. T., 1911, Nos. 29 and 41, on verdicts for W. J. Price et al. in suits by W. J. Price et al. v. Daniel E. Newell and by Daniel E. Newell v. W. J. Price et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J.

At the trial it appeared that on July 2, 1911, a collision occurred between the automobiles of the respective parties at Pocono Manor. Both machines were damaged. Each party contended that the other was on

the wrong side of the road and otherwise mishandled his machine.

On the subject of the measure of damages the court charged as follows:

If you find that the contention of Price Brothers as to how the accident happened is correct and that it happened because of the negligence of Daniel Newell, then Price Brothers would be entitled to whatever damages you find, by reason of the injuries sustained, if any. [Upon that we say to you that the measure of damages would be what the cost of reasonably repairing the automobile was, and in considering that you should consider also whether it was possible to have put that automobile in as good shape as it was before, and if it was, then the measure of damages and the whole measure of damages would be the actual cost of the repairs. There is a lack of testimony as to how much it actually would have cost to have put it in repair, and we therefore think that would be unsafe for you to consider, although if you find from the evidence it can be, then you may find that as the basis of damages, the amount, however, not to be more than the machine was actually worth at the time of the accident.] [7]

[If you find there was no way in which you could properly arrive at that, than you may fix the measure of damages as to the actual repairs made to the machine, if you believe they were necessary and actually made, and that was $157.88,] [8] and the difference in the market value of the machine before the injury happened and after it was repaired.

[It is not in every injury to personal property that that is the proper criterion or measure of damages, because it is almost impossible to arrive at it in that way with some things. Take, for instance, a suit of clothes that a man has on; after a man has worn that for some time, there is probably no measure of damages which would be based on market value before and after they were in-

jured, and there are many other things the same way, but it seems to the court that you would be warranted in finding that secondhand automobiles were so common and so much an article of commerce, dealt in by people, that you could arrive at that fact, as to what its actual market value was as a secondhand automobile. And in that, while you should consider the testimony of all the expert witnesses, you are not absolutely bound by them, so you have the right to apply your own sense and good judgment to the matter, not guess, but apply it.

What is a secondhand automobile worth? What makes a secondhand automobile? Its use? Is an automobile secondhanded a week after it is used; has it depreciated in value? How was this automobile taken care of? What condition was it in at the time of the accident? You have heard the testimony that it had been repaired and it was about the same as new, and then what was it worth after the accident. You have heard the testimony of the witnesses. I think that they vary from $1,800 to $1,900 before the accident and from $400 or $500 to $600 after. Mr. Price, one of the plaintiffs, puts it at $1,800 before the accident and $600 afterwards. Of course the testimony of this kind is to be received with care, because, as a rule, no man will estimate the value of his property less than it really is, and we are all very apt to think our property is worth more than the other fellow thinks it is worth. [You take the market value, the fair market value before the accident and after, and by method of subtraction, you find the difference and add to that the $157.88 and that would be the amount of damages which Mr. Price would be entitled to, if you find that the accident happened through the negligence or want of care of Mr. Newell.] [9] And, we apply the same measure of damages in case you find that it was not Mr. Newell's fault, but the fault of the driver of Mr. Price's machine, Orville Price. If you find in favor of Mr. Newell on that proposition, then Mr. Newell would be entitled to dam-

ages for whatever injuries you find his car sustained, and the testimony with reference to that is, that the cost of repairs was $531.21, and if you find that those were necessary repairs and actually made, he would be entitled to a verdict of that amount and also the difference in the market value of his machine before and after, which, as we remember it, was estimated at $1,900 before and $1,000 after. That was the plaintiff himself, and another witness said $1,900 or $1,950 before and $900 to $950 to $1,000 after. And that is subject to the same remarks with regard to care in arriving at the market value of the machine, because it is practically the same kind of testimony.

Verdict for W. J. Price et al. in the first suit for $1,422.88 on which judgment was entered for $1,200, all above that amount having been remitted. In the second suit there was a verdict and judgment for defendant W. J. Price et al. Both parties appealed.

*Errors assigned* were various instructions, including in Newell's appeal (7–9) portions of charge above quoted.

*C. C. Shull*, with him *B. W. Davis*, for appellant.—The charge was erroneous as to the measure of damages: Hoffman v. Coal Co., 16 Pa. Superior Ct. 631; Bricker v. Conemaugh Stone Co., 32 Pa. Superior Ct. 283; Stevenson v. Ebervale Coal Co., 201 Pa. 112; Stevenson v. Ebervale Coal Co., 203 Pa. 316; Bachert v. Lehigh Coal and Nav. Co., 208 Pa. 362; Pierce v. Lehigh Valley Coal Co., 40 Pa. Superior Ct. 566; Hoober v. New Holland Water Co., 43 Pa. Superior Ct. 262; Lentz v. Carnegie, 145 Pa. 612; Munnell v. Peters & N. S. Twp., 22 Pitts. L. J. 78; Leech v. Steamboat Miner, 1 Phila. 144; Erie City Iron Works v. Barber, 102 Pa. 156.

*F. B. Holmes*, for appellee.—The charge as to damages was proper: Glaub v. Goshen Twp., 7 Kulp, 292;

Dubois v. Glaub, 52 Pa. 238; O'Reilly v. Street Railway Co., 17 Pa. Superior Ct. 626; McMahen v. White, 30 Pa. Superior Ct. 169; Pantall v. Rochester, etc., Iron Co., 204 Pa. 158; American Life Ins. Co. v. McAden, 109 Pa. 399; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Turner v. Whitaker, 9 Pa. Superior Ct. 83; Carpenter v. Lancaster, 212 Pa. 581.

OPINION BY ORLADY, J., July 16, 1913:

The plaintiffs and defendant were each owners of an automobile in use on a public highway through the Pocono Manor Association grounds, and which met in a collision in which both machines were considerably damaged. Each party brought an action of trespass against the other, the verdict in one case being in favor of the plaintiffs for $1,422.88, and in the case of Newell against Price Brothers the verdict was for the defendants generally.

The two cases were tried before the same jury. Thirty-five reasons for a new trial were filed and these were disposed of by the trial judge by discharging the rule upon condition that the plaintiff would remit all above $1,200 of the verdict; this was done and each defendant brings his appeal to this court. In this case we have nineteen assignments of error, and four in the case in which Newell is the plaintiff (205, October Term, 1912).

On the trial and in this court the only substantial controversy is as to the measure of damages to be applied, and this question was fairly disposed of by the court below. A fair reading of the whole of the charge of the court shows that the rule applicable to the facts to be found by the jury was fully and clearly stated. The injuries to each of the cars were explained by witnesses who made the examination of the bodies of the cars, and the bills for repairs could hardly be open to dispute.

Whether the injuries to the cars were permanent, was to be ascertained from the testimony. It was assumed by counsel on each side in adducing their proof, that neither car could be restored to the condition in which

it was before the collision, and we will dispose of the case upon the same theory in which it was presented to the trial judge and jury, each contending on the trial that the other was on the wrong side of the road, and by reason of this and the improper handling of the cars the collision resulted.   But this was purely a question of fact to be disposed of by the jury, and it was fairly submitted to that tribunal.   The alleged mistake in the admission of proofs of some small item was properly corrected by the court in reducing the amount of the verdict.

After a careful examination of all the testimony we conclude that the case was fairly tried and adequately presented to the jury.   The assignments of error are overruled and the judgment in each case is affirmed.