## Stevens *v.* Adams Express Company, Appellant.

*Negligence—Automobiles—Damages—Depreciation in value—Opinion of nonexpert witness.*

In an action to recover damages for injuries to an automobile resulting in a collision, where the plaintiff has shown the cost and the expense of putting the machine in good condition, and the amount that he had spent for the use of another machine while his own was being repaired, he cannot be permitted to show by nonexpert testimony that a motor car after a collision depreciates twenty-five per cent in value by reason of the collision.

Argued Oct. 23, 1913. Appeal, No. 114, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1910, No. 3,411, on verdict for plaintiff in case of Joseph F. Stevens v. Adams Express Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before KINSEY, J.

At the trial the plaintiff was asked this question:

"Q. I am about to show you a bill of the Foss-Hughes Motor Company, which appears by the receipt on it——

"Mr. Evans: I am willing to admit that the Foss-Hughes Motor Company did repairs for which they charged the plaintiff $153.53; that he had paid this bill, and that in those items, $112.63 worth were for repairs of the damage caused by this accident.

"Q. Repairs having been made to this car, I want to know whether or not the car was in as good condition after the repairs were made as it was prior to the accident? A. No, sir; it was not. Any car that is in a smash-up or wrecked, depreciates in value at least—— (Objected to.) Q. Was your car depreciated in value? A. At least twenty-five per cent."

There was no evidence that the plaintiff was an expert on the subject of automobiles.

The court refused to strike out the evidence. [1, 2]

Verdict for plaintiff for $1,000, on which judgment was entered for $500, all above that sum having been remitted. Defendant appealed.

*Error assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*John Lewis Evans*, with him *Thomas DeWitt Cuyler*, for appellant.

*Fletcher W. Stites*, with him *Charles H. Edmunds*, for appellee.

OPINION BY MORRISON, J., December 1, 1913:

This action of trespass was brought by plaintiff to recover damages for injuries to his automobile caused by a collision with a two-horse team and wagon at the corner of Arch and Juniper streets in Philadelphia. Plaintiff's chauffeur drove the automobile up Broad

street and turned down Arch street by mistake and he then proceeded to turn around in Arch street. He turned north from the south side of Arch just where Juniper street crosses the former. In making the turn the automobile and the defendant's two-horse wagon collided and while at the trial there was much dispute as to whose fault caused the collision that question was properly referred to the jury and it was disposed of by the verdict.

Under the statement of the question involved and the two assignments of error we only have to consider one question, which is stated by appellant's learned counsel as follows, to wit: "Should a non-expert witness have been allowed to testify that a motor car was depreciated twenty-five per cent by the collision, when all the injuries proven to have been sustained have been repaired and the opinion is based on the assumption that every engine that has been in a collision depreciates that much?" What the witness really testified to was that his automobile was depreciated in value at least twenty-five per cent; that any car that is in a smash-up or wreck depreciates in value at least twenty-five per cent. Appellant's counsel objected to this evidence and promptly moved the trial judge to strike it out, but this motion was refused and an exception granted to appellant. The ground of the objection and motion to strike out this testimony was that the witness (plaintiff) had not qualified to give such an opinion. In this connection it should be noted that all of the items of expense for repairing the automobile and for the necessary loss of the use of it had been shown to the jury by testimony, and appellant's counsel was not contending that the plaintiff was not entitled to recover a sufficient sum to pay for these items, provided, the jury found that the injury was caused by the fault or negligence of defendant's driver.

In our opinion the plaintiff ought not to have been permitted to give his opinion as to the percentage of

the loss in value of his car, in addition to the proof of how much it cost him to repair it and how much he paid for the use of another car while he was necessarily deprived of the use of his own automobile on account of the injury it received in the collision. This for the reason that the plaintiff was not shown to be qualified to give such an opinion. He was not shown to be an expert in the construction and repair of such machines nor was he shown to have been an experienced dealer in automobiles. His testimony, as he gave it, tended strongly to show that he was not qualified to speak of the percentage of loss in value of an automobile caused by such a collision.

The learned counsel for appellee argue at length that the court did not err in admitting this testimony of the plaintiff and refusing to strike it out, and in support of the action of the court they cite several authorities, among which are the following: Markowitz v. Pittsburg & Connellsville R. R. Co., 216 Pa. 535. In our judgment that case does not support the position for which it is cited. That was a question of the competency of a witness to testify to the value of his own property which he had owned for eleven or twelve years. He was familiar with the development of the borough in which his lot was located and had general knowledge of the value of property in that neighborhood. The next case cited is Boehm v. Borough of Bethlehem, 4 Pa. Superior Ct. 385, but that was the case of a plaintiff testifying to the character of the injury to his property caused by the construction and operation of a defective sewer, and it was held that he was competent to give an opinion as to the depreciation in the value of his lot. We do not think that case reaches the question we are considering. Dugan v. Arthurs, 230 Pa. 299, is also cited but is an action for damages for personal injuries sustained by a pedestrian in a collision with an automobile and it holds that non-expert witnesses are competent to express an opinion as to the rate of speed of

the automobile, their everyday experience giving them sufficient knowledge to form an intelligent judgment on the subject. In that case it was well said by Mr. Justice MESTREZAT: "An intelligent person having a knowledge of time and distance is capable of forming an opinion as to the speed of a passing railroad train, a street car or an automobile. His conclusion is the result of a comparison with the speed of other moving objects of which he has knowledge by constant experience. . . . He simply compares the speed of one moving object with that of another with which he is made familiar by the daily affairs of life."

It seems to us that there is a wide difference between the principle in the last above cited case and the one we are considering. All persons do not have everyday experience enabling them to testify as to the construction and repairs of automobiles. Nor do they have such experience enabling them to estimate the percentage of depreciation caused to an automobile by a collision after the machine has been fully repaired and put in operation. Counsel also cite and appear to rely with confidence upon our case of Price v. Newell, 53 Pa. Superior Ct. 628, decided on July 16, 1913. While it is true that one of the assignments of error in that case (No. 16) raised the question we are considering yet it was not urged at the argument as ground for reversal. The real contention of appellant's counsel in that case was that the judgment should be reversed because the learned trial judge submitted to the jury an erroneous measure of damages. We are fully sustained in this view by the opinion of our Brother ORLADY who spoke for the court, and we here quote from his opinion: "On the trial and in this court the only substantial controversy is as to the measure of damages to be applied, and this question was fully disposed of by the court below." Our opinion, by Judge ORLADY, does not discuss the question of the competency of the witnesses to testify to the quantum of damages to the automobile. And, therefore, we do not consider

that case an authority that a witness may give such testimony as the plaintiff did in the present case without qualifying himself by showing that he is possessed of the requisite knowledge to enable him to estimate the percentage of depreciation caused to an automobile by a collision, in addition to the cost and expense of putting it in good condition and the loss of the use of it.

The assignments of error are sustained, and the judgment is reversed with a venire facias de novo.