# Yeager *v.* Winton Motor Carriage Company.

*Negligence—Automobile—Injury in collision—Measure of damages.*

In an action to recover damages for injuries to an automobile caused by a collision with another automobile owned by the defendant, the measure of damages is the difference between the fair market value of the automobile before the accident and its fair market value afterwards.

Argued Dec. 10, 1914.   Appeal, No. 223, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1909, No. 5,652, on verdict for plaintiff in case of Andrew J. Yeager, etc., trading as Lewistown Garage, v. Winton Motor Carriage Company.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Trespass for injuries to an automobile received in a collision with defendant's machine.   Before STAPLES, P. J.

At the trial the case turned on the measure of damages.

On this subject the court charged as follows:

In addition to this you may consider the question of whether or not the market value of the Mitchell automobile owned by the plaintiffs was lessened by the damages done to it, notwithstanding it was repaired.   You have heard testimony in that respect.   Both plaintiffs testify that the market value before the accident was, or what they paid for it was, one said $1,200 and the other said $1,250.   It seems that the plaintiffs do not contend for its market value, but only what they paid for it.   Its market value, it was testified, was $1,500. They further testify that its market value after the repairs was $750.   That would make a difference between the two market values of $450 or $500, as you should find.

Verdict for plaintiff for $732.07, on which judgment was entered for $500, all above that sum having been remitted.

*Error assigned* was portion of charge as above, quoting it.

*G. D. Bartlett*, for appellant.

*Howard Schell Baker* and *Franklin Spencer Edmonds*, for appellees.

OPINION BY ORLADY, J., April 19, 1915:

· The question involved in this case was substantially disposed of in Price v. Newell, 53 Pa. Superior Ct. 628, and in following it, the same trial judge fairly and adequately submitted to the jury the disputed facts in regard to the depreciation in value of the plaintiffs' automobile resulting from the defendant's negligence in causing the collision. The verdict as rendered might well have stood, but the trial judge in the exercise of his discretion, directed that a new trial be granted unless the plaintiffs remitted all in excess of $500, which was done, and we are not disposed to disturb it. The plaintiff was clearly entitled to damages in some amount, and after a fair trial we discover no reversible error in this record.

The judgment is affirmed.