# Rose *v.* Quaker City Cab Company, Appellant.

*Negligence—Automobiles—Collision at intersection of streets—Failure to sound horn—Comparative negligence.*

In an action to recover damages for injuries to an automobile resulting from a collision of two automobiles at the intersection of two streets, the court commits reversible error in charging that if defendant's driver "failed to blow his horn so as to give proper warning of his approach, the jury may find for the plaintiff," where

the evidence shows that the plaintiff saw the car some distance away coming in his direction so that he had the same knowledge that the sounding of the horn would give, and that consequently the failure to give warning was not the proximate cause of the accident.

In such a case it is reversible error for the court to charge that "the plaintiff may recover damages caused by the defendant's negligence notwithstanding that plaintiff's own negligence exposing him to the risk of injury, if such injury was more immediately caused by the defendant's omission to use ordinary care for the purpose of avoiding injury to the plaintiff after the defendant's driver became aware of the plaintiff's danger." Such an instruction injects into the case the doctrine of comparative negligence, which has never been recognized as the law in Pennsylvania. Hess v. Kemmerer, 65 Pa. Superior Ct. 247, distinguished.

When two vehicles are approaching each other at right angles, the rights of each are equal and each is bound to exercise reasonable care to avoid injury to the other. It is the duty of each driver to have his vehicle under control and to observe what is or may be approaching on the other street; to keep his car at such speed that he may, to avoid a collision, stop it quickly; and where another vehicle is first at the crossing it should be given an opportunity to clear the crossing.

Argued Oct. 15, 1917. Appeal, No. 191, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1917, No. 251, on verdict for plaintiff in case of Benjamin Rose v. Quaker City Cab Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before MACNEILLE, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Plaintiff presented, inter alia, the following points:

"If the jury believe that the defendant's servant in charge of the taxicab failed to blow his horn so as to give proper warning of his approach, the jury may find for the plaintiff." Answer, affirmed.

["The plaintiff may recover damages caused by the defendant's negligence, notwithstanding the plaintiff's

own negligence exposing him to the risk of injury, if such injury was more immediately caused by the defendant's omission to use ordinary care for the purpose of avoiding injury to the plaintiff, after the defendant's driver became aware of the plaintiff's danger. (Hess v. Kemmerer, 65 Pa. Superior Ct., p. 247.) Advance Reports of Friday, March 9, 1917." Answer, affirmed. (4)

Verdict and judgment for plaintiff for $300. Defendant appealed.

*Errors assigned,* among others, were (1, 4) above instructions quoting them.

*Charles F. DaCosta,* with him *W. Carlton Harris,* for appellant.—It has been held in Pennsylvania by both the Supreme and Superior Courts that in such a case where the vehicle doing the injury is seen but judged to be at a distance sufficiently safe to warrant the plaintiff to proceed, no question of sounding a warning could arise: Pilgrim Laundry Co. v. Philadelphia Rapid Transit Co., 56 Pa. 593; Harmon v. Penna. Traction Co., 200 Pa. 311.

The doctrine of comparative negligence does not apply in Pennsylvania: Monongahela City v. Fisher, 111 Pa. 9; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Mattimore v. Erie, 144 Pa. 14; Weir v. Haverford Electric Co., 221 Pa. 611; Brown v. Pittsburgh Traction Co., 14 Pa. Superior Ct. 594.

*Bernard Harris,* for appellee.—In Valjago v. Carnegie Steel Co., 226 Pa. 514, it was held that the requirements of a statute adopted in the exercise of the police powers of the State for the protection of its citizens, cannot be even impliedly waived by parties to a contract of employment.

The plaintiff's sixth point of charge was taken almost verbatim. from the decision of the Superior Court in Hess v. Kemmerer, 65 Pa. Superior Ct. 247. It is either the law of this State or it is not. It is undoubtedly one of

the latest decisions of this court upon the subject of a collision between a pedestrian and an automobile.

OPINION BY KEPHART, J., March 2, 1918:

The appellant's car traveling north on Juniper street collided with the appellee's car traveling east on Chestnut street, at the intersection of these streets. The court below charged the jury that if the appellant's servant "failed to blow his horn so as to give proper warning of his approach, the jury may find for the plaintiff." In so directing, the court erred. Generally speaking, the rights of travelers on the highway are reciprocal. When two vehicles are approaching each other at right angles, the rights of each are equal and each is bound to exercise reasonable care to avoid injury to the other. It is the duty of each to have his vehicle under control and to observe what is or may be approaching on the other street; to keep his car at such speed that he may, to avoid a collision, stop it quickly; and where another vehicle is first at the crossing, it should be given an opportunity to clear the crossing: McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478. When this rule is observed, the probability of accident is greatly reduced.

There may be circumstances where the failure to sound a horn would of itself be sufficient evidence of negligence. The facts in this record do not present such condition. The appellee saw the car some distance away coming in his direction. In such situation, he had the same knowledge that the sounding of a horn would give. The failure to give warning was not the proximate cause of the accident. Under the evidence, if the appellant were responsible, it was due to its driver's failure to approach the intersection with his car under control. If the thirteenth section of the Act of July 7, 1913, P. L. 672, prescribes a standard of care for automobiles in approaching intersecting streets, in addition to that enunciated by Justice WALLING in McClung v. Pennsylvania

Taximeter Cab Co., supra, it must appear that the failure to observe that rule was the proximate cause of the injury.   Evidence as to the violation of the rule is not helpful in the determination of the case.   But, as we have said, there are no facts in this case to which the rule might be applied and the court was, therefore, in error in affirming the point as presented.

The court below further charged the jury that "The plaintiff may recover damages caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposing him to the risk of injury, if such injury was more immediately caused by the defendant's omission to use ordinary care for the purpose of avoiding injury to the plaintiff, after the defendant's driver became aware of the plaintiff's danger."   It would serve no useful purpose for us to discuss the law of contributory negligence.   It has been so frequently before the appellate courts that we need not repeat it, but as to comparative negligence, in Weir v. Haverford Electric Light Co., 221 Pa. 611, Mr. Justice FELL stated: "The doctrine of comparative negligence has not been recognized in our State.   Any negligence on the part of a plaintiff that contributes to, and is the proximate cause of his injury defeats his action.   There can be no balancing or matching of degrees of negligence."   The court below relies for authority upon the case of Hess v. Kemmerer, 65 Pa. Superior Ct. 247.   What was there said had relation to the possible inference of negligence that might be drawn from the fact that the plaintiff had reached the safety zone in the center of Broad street before attempting to cross the remainder of the street.   The defense relied on was the contributory negligence of the plaintiff in attempting to pass in front of a moving car.   This court did not attempt to inject the doctrine of comparative negligence into that case nor did it attempt to modify the law of contributory negligence as applied by our courts; that law with respect to pedestrians and vehicles is the same now as it was before that opinion

was written. The fourth and fifth assignments of error are sustained.

There should be no question about the measure of damages, and as this case goes back for a retrial, the plaintiff will, no doubt, know just how much it did cost him to have his car repaired. He is not permitted to make a guess. The request for binding direction and for judgment n. o. v. were properly denied. All of the plaintiff's evidence must be considered, and when this is done the distance of the defendant's car from Chestnut street and the probability of the plaintiff's story were for the jury. The rest of the assignments are without merit and are accordingly dismissed.

The judgment of the court below is reversed and a venire facias de novo is awarded.