## McGlinchey *v.* Steigerwald, Appellant.

*Negligence—Automobiles—Right-angle collision.*

Where two vehicles are approaching a crossing the one first reaching the crossing has the right of way, and it is the duty of the other to allow the first vehicle a reasonable opportunity to pass.

*Practice, C. P.—Practice Act of May 14, 1915, P. L. 483 (Practice Act).*

Under the provisions of section 6 of the Practice Act of 1915, every allegation of fact in the plaintiff's statement, both in actions of trespass and assumpsit, are to be taken as admitted unless denied specifically or by necessary implication.

Under the provisions of section 13 in actions of trespass the averments as to the agency or employment of the person by whom the act was committed, or the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with the provisions of section 6; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, need not be denied.

Under the provisions of section 6 and section 13, taken together, all facts alleged by the plaintiff must be traversed by the defendant, except such as show his negligence or prove the damages.

In an action of trespass for damages sustained in a collision of an automobile, the plaintiff was not required to prove ownership of the automobile. Having alleged it in his statement, and the defendant having failed to deny it, the ownership of the vehicle must be regarded as having been admitted.

Argued October 21, 1919. Appeal, No. 173, Oct. T., 1919, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1918, No. 3428, on verdict for plaintiff in the case of Michael McGlinchey v. Clarence Steigerwald. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Trespass to recover damages for injuries to automobile.  Before WESSEL, J.

From the record it appeared that the damages sustained occurred by reason of a collision between two automobiles meeting at the intersection of Forty-fourth and Chestnut streets, in the City of Philadelphia.

The statement of claim alleged the plaintiff to be the owner of one of the automobiles and the defendant to be the owner of the other.  The defendant filed no affidavit of defense.  At the trial the plaintiff produced no evidence in proof of his ownership of the damaged car.

Under the above facts the trial judge charged the jury that the plaintiff's ownership of the automobile was admitted by the pleadings and that it was not necessary for any evidence to be introduced on this subject.  Defendant presented a point for binding instruction upon the theory that there was no proof of plaintiff's ownership of the damaged automobile, and that, for that reason, he could not recover.  This point was refused by the court.  The jury rendered a verdict for the plaintiff for $50 and judgment was entered thereon.  Defendant appealed.

*Errors assigned* were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Joseph Neff Ewing,* and with him *Ralph B. Evans,* for appellant, cited: McClung v. Penna. Cab Co., 252 Pa. 478; Lorah v. Rinehart, 243 Pa. 231; McClung v. Pa. Taximeter Cab Co., 252 Pa. 478; Gray v. Fox, 69 Pa. Superior Ct. 218.

*Henry J. Scott,* and with him *Albert B. Hanby,* for appellee, cited: Rowan v. Com., 261 Pa. 88; Fow v. Adams Express Co., 68 Pa. Superior Ct. 345; Hitchins v. Wilson, 68 Pa. Superior Ct. 366; Gillespie v. Shafer, 69

Pa. Superior Ct. 389; McCormick v. Bickerton, 251 Pa. 466.

OPINION BY TREXLER, J., February 28, 1920:

None of the assignments are drawn in conformity to the rules of this court. They are not self-sustaining. They must be complete without reference to the other parts of the record.

This suit arose out of a right-angle collision of two automobiles at 46th and Chestnut streets, Philadelphia. Exception is taken to the words employed in the charge of the learned trial judge, to wit: "Where there is another vehicle first at the crossing then it is the duty of the other person to permit the vehicle first at the crossing a reasonable opportunity to cross. The one who is guilty of not carrying out that line of action is guilty of want of care, or negligence." The instructions followed the case of McClung v. Penna. T. Cab Co., 252 Pa. 478; Simon v. Lit Bros., Inc., 264 Pa. 121; Rose v. Quaker City Cab Co., 69 Pa. Superior Ct. 208. It is the duty of one vehicle approaching a crossing where another vehicle is first at the crossing to give it an opportunity to clear the crossing.

The argument that the above instructions might convey to the jury the impression that this was the only question involved is answered by a further quotation from the charge: "If you believe, however, that the accident happened either as the result of lack of care on the part of the plaintiff's chauffeur, or if you are not satisfied that the accident happened as the result of the defendant's negligence then return a verdict in favor of the defendant."

The defendant raised the question that the ownership of the automobiles which collided had not been covered in the evidence submitted. The court ruled that under the pleadings the plaintiff was not required to prove ownership, that having alleged it in his statement and

the defendant having failed to deny it the fact must be regarded as having been admitted.

The Act of May 14, 1915, P. L. 483, Section 6, provides that both in actions of assumpsit and trespass every allegation of fact in plaintiff's statement shall be taken to be admitted unless denied specifically or by necessary implication.  In section 13 it appears that in actions of trespass the averments as to the agency or employment of the person by whom the act was committed, and the ownership, or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, need not be denied.  We think that the two sections taken together provide that all facts alleged by the plaintiff must be traversed by the defendant except such as show his negligence or prove the damages.  The provisions of section 3 cover everything except these things which are taken out of the rule in section 13.  As the ownership of defendant's car is not connected with the proof of defendant's negligence we do not think that it is included in the exceptions set out in section 13.  Of course the ownership of the plaintiff's car fixes the person to whom the defendant is liable but is not a fact which aids the proof of the negligence charged.

The assignments are overruled and the judgment is affirmed.