## D'Amato *v.* Segal, Appellant.

*Practice, C. P.—Negligence—Trespass—Statement of claim— Affidavits of defense—Averments—Admissions and denials in affidavit.*

Where a statement of claim avers, in paragraph 2, that the defendant on a certain date owned, operated and controlled a wagon in the pursuit of his business, and in the fourth paragraph avers the negligence of the defendant in the operation of said wagon, and the defendant admits the averments of the second paragraph, but denies the averments of the fourth paragraph, the ownership and agency of the wagon will be taken to be admitted.

Argued November 16, 1920. Appeal, No. 200, Oct. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1918, No. 2375, on verdict for plaintiff in the case of Antonio D'Amato v. Harry Segal. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's wife. Before ROGERS, J.

From the record it appeared that the wife of the plaintiff, while crossing a street in the City of Philadelphia, was struck by an ice wagon belonging to the defendant. No direct evidence as to the ownership of the wagon was submitted, but the question was determined on the pleadings as set forth in the opinion of the Superior Court.

Verdict for plaintiff for $1,200 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in ruling that the affidavit of defense filed in the case admitted that the defendant owned, operated and controlled the vehicle, notwithstanding that the alleged admission was not offered in evidence by the plaintiff.

*M. B. Elwert,* and with him *Samuel W. Salus,* for appellant.—Only those parts of an affidavit of defense which are offered for specific purposes are in evidence, and in default of such offer, the affidavit of defense was not before the jury: Taylor v. Beatty, 202 Pa. 120; Maynard v. Sixth Nat. Bank, 98 Pa. 250; Mullen v. Union Central Life Ins. Co., 182 Pa. 150; Pittsburgh v. Railways Co., 234 Pa. 223; Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Luckett v. Reighard, 248 Pa. 24.

*Hugh McAnay, Jr.,* for appellee.—An averment of ignorance and a demand for proof does not raise an issue under the Practice Act. Under the pleadings the ownership of the vehicle and the agency of the driver were admitted: Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79; Ruth Hastings G. T. Co. v. Slattery, 266 Pa. 288; McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520.

OPINION BY ORLADY, P. J., March 5, 1921:

A verdict was recovered in the court below in plaintiff's favor, and on this appeal it is urged that the court erred in holding that the affidavit of defense filed in the case admitted the ownership of a certain wagon or vehicle drawn by a horse or horses, as the property of the defendant. The allegation in the statement of claim was as follows: (2) The defendants, on or about June 27, 1918, owned, operated and controlled a certain wagon or vehicle drawn by a horse or horses in the pursuit of his

business: (3) That it was his duty to operate the said wagon or vehicle with due care for the safety of persons lawfully in and upon the public highway: (4) That in neglecting this duty by his servants, agents and employees he did on June 27th while operating the said wagon on the public highway fail to keep a proper watch for persons on and upon the said highway, and failed to have the said wagon or vehicle under proper control, and failed to give due and sufficient warning of the approach of said wagon or vehicle, in consequence whereof, the said Mary D'Amato was then and there upon the public highway, the place aforesaid, was struck, run into, crushed and thrown violently to the ground, etc.

The affidavit of defense as to the 2d and 3d paragraphs, replied "admitted." As to the 4th, the reply is "defendant is ignorant of the averments in this paragraph, and will require proof of the same at the trial if material." The "certain wagon or vehicle" of the second paragraph was clearly the one mentioned as the "said wagon" in the third and fourth paragraphs. On the trial the court construed the answer in the affidavit of defense as an admission of ownership of the vehicle and the agency of the driver. In this there was no error, under authority of McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520; Everbach v. Clyde Steamship Company, 74 Pa. Superior Ct. 79.

As to the disputed facts relating to the cause of the injuries for which recovery is sought, the whole matter was thoroughly and carefully submitted to the jury. The evidence was meagre, and the plaintiff relied largely on the testimony of a young lady who was described by the court as of a rather high degree of intelligence for a girl of her age, and reviewed her testimony, stating, "If you believe it, negligence on the part of this driver is clear," but concluded, "You have heard this young girl's testimony. If you do not believe her, your duty is clear to render a verdict for the defendant in this case. If you do believe her, then you might conclude that negligence

on the part of the defendant had been established.    The entire question is for you."

In the light of the fact that the defendant did not offer any evidence, nor was the testimony of this witness in any way minimized by cross-examination, it was quite natural that the jury should believe her.    The jury was further instructed "If you come to the conclusion, under all of the evidence, that the person injured was not guilty of contributory negligence and that her injuries and subsequent death resulted solely and entirely by reason of the negligent operation of this wagon then and only under those circumstances can you come to the question of consideration of damages."

We find no reversible error in this record and the judgment is affirmed.