# Bauer v. Armour & Company, a Corporation, Appellant.

*Negligence—Automobiles—Collision — Measure of damages — Hire of substitute automobile.*

In an action of trespass for injuries to an automobile, and loss of the use thereof, it was proper to allow, as a measure of damages, the cost of repairs to the plaintiff's car, plus the cost of hiring another car and chauffeur while plaintiff's car was being repaired, where there was evidence that the plaintiff was a physician, and that the car was necessary in the practice of his profession.

Where the only kind of a car that the plaintiff could hire was a Ford, which he did not know how to drive himself, it was proper to allow for chauffeur's wages. The cost of gasoline and oil to operate the automobile should have been excluded.

174, (1924).]     Syllabus—Opinion of the Court.

The case was for the jury and verdict for plaintiff will be sustained, where the evidence established that the plaintiff on approaching the street intersection had looked in both directions and sounded his horn, and before he had crossed the street he was struck by the truck of the defendant, the driver of which was engaged in conversation with a companion, and not attending to his business.

Argued October 27, 1924.   Appeal, No. 167, Oct. T., 1924, by defendant, from judgment of C. P., No. 3, Phila. Co., June T., 1920, No. 1159, on verdict for plaintiff in the case of Dr. L. Demme Bauer v. Armour & Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for injuries to automobile.   Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $818.08.   The court subsequently remitted all in excess of $659.76 and entered judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Walter Lee Sheppard,* and with him *Porter, Foulkrod and McCullagh,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1924:

Plaintiff sued to recover damages for alleged negligence resulting in injuries to his automobile and the loss of the use thereof.   This appeal is from the judgment entered on a verdict in his favor.   The assignments of error and statement of the questions involved present three propositions: 1. Was plaintiff guilty of con-

tributory negligence as matter of law?  2. Was there competent proof of the cost of hiring another automobile while plaintiff's machine was being repaired?  3. Was the verdict against the law because it is in excess of the difference between the value of plaintiff's automobile at the time of the collision and its value immediately after?

1. In determining whether or not binding instructions should have been given in favor of defendant on the ground that plaintiff was guilty of contributory negligence, we must accept as true all the testimony and inferences therefrom favorable to plaintiff and reject everything therein unfavorable to him: Geiger v. Garrett, 270 Pa. 194.  Thus viewed we find the facts to be as follows: About noon on January 30, 1920, plaintiff was driving his automobile southward on Forty-ninth Street at a speed of about twelve miles an hour.  Just before he reached Walton Avenue, running east and west (the cartway of which was twenty-six feet wide) plaintiff sounded his horn and looked to the east and to the west on Walton Avenue.  When he was between the house line and the curb line of that avenue as it intercepts the west line of Forty-ninth Street, he saw defendant's automobile truck approaching from his right at a point about sixty feet west of the west line of Forty-ninth Street.  The truck was moving slowly and plaintiff thought he had ample time to cross Walton Avenue ahead of it.  The driver of the truck was engaged in conversation with a companion who was sitting on the seat beside him.  Plaintiff continued to observe the truck as he proceeded southward and swerved to the left side of Forty-ninth Street in an attempt to escape being struck by it.  His machine was struck on the right side near the rear when he was just at the left curb line at the southeast corner of Forty-ninth Street and Walton Avenue.  The street was wet and slippery and the plaintiff testified: "If I had stopped—the man apparently had no control of his car—I would have been killed in all probability; I had to get out of his road."

Under these facts the case was for the jury on the question of plaintiff's contributory negligence. He was at the street intersection substantially in advance of the truck, and had the right to proceed irrespective of the right and left rule. He was not obliged to wait for the truck to cross Forty-ninth Street or to stop, unless there was something in the circumstances which made it manifestly dangerous for him to proceed to cross Walton Avenue ahead of the truck. He saw the truck and could assume that its driver saw his car. We cannot agree with the learned counsel for appellant that the only reasonable explanation of plaintiff's conduct is that he did not look to the west before crossing Walton Avenue and did not see defendant's truck until he had started to cross. This is in the teeth of plaintiff's testimony. Nor can we say that plaintiff did not have his car under control. We said, in Rose v. Quaker City Cab Co., 69 Pa. Superior Ct. 208: "Generally speaking the rights of travelers on the highway are reciprocal. When two vehicles are approaching each other at right angles, the rights of each are equal and each is bound to exercise reasonable care to avoid injury to the other. It is the duty of each to have his vehicle under control and to observe what is or may be approaching on the other street; to keep his car at such speed that he may, to avoid a collision, stop it quickly; and where another vehicle is first at the crossing, it should be given an opportunity to clear the crossing." The rule of law applicable to such a case is not the same as that which controls where the vehicle approaches a street on which a street car is approaching. The rights of the street railway company and the driver of a vehicle approaching an intersection are not equal according to familiar principles. (See Woomer v. Altoona & Logan Valley Elec. Ry. Co., 80 Pa. Superior Ct. 261.) It is urged that plaintiff's testimony that when he first saw the truck the driver apparently did not have control of it, convicts him of testing an obvious danger. We are satisfied from an

examination of plaintiff's testimony that he meant by this that the driver was not looking and attending to his business.   There is no evidence that the truck was out of control in any other respect.   We cannot hold, as matter of law, that in the circumstances plaintiff was negligent.   Whether he was justified in undertaking to cross ahead of the truck, and whether he did anything to contribute to the accident, was for the jury.

2. The verdict included an item of damage representing the expense of hiring an automobile while plaintiff's car was being repaired.   Plaintiff was a physician who drove his own car.   As a result of the accident he was obliged either to hire another conveyance or abandon his business.   The only kind of a car he could hire was a Ford car, which he did not know how to drive. For that reason he was obliged to have a man to drive it. He paid $371.75 for the hire of the car and chauffeur.   It appeared that the charge per diem included the gasoline and oil used.   It is conceded by appellant that in the circumstances plaintiff had a right to hire a car, but it is contended that he could not charge defendant with the cost of a chauffeur and his gasoline and oil.   If it was a fact, and there was evidence to that effect, that plaintiff could not drive a Ford car, it would be useless to him without a chauffeur.   The expense of paying such a servant was therefore the direct and immediate result of defendant's negligence, and was a proper item to be allowed.   We agree that plaintiff was not entitled to recover the cost of the gasoline and oil to operate the Ford car.   But with no other error in the record, we consider the matter de minimis and are not disposed to reverse on that ground. .

3. It is finally urged that the amount of plaintiff's damages should have been limited to the difference between the value of his automobile at the time of the collision and its value immediately after.   It was conceded that the value of the car at the time of the accident was $400 or $500; that in its damaged condition its

value was $200, and that the cost of repairs was $288.01. It is argued that the judgment for $659.76, of which $288.01 was for repairs and $371.75 was for hiring another automobile, gives plaintiff a material profit as a result of the collision at the expense of defendant; and that the damages should not exceed the value of the automobile. In Price v. Newell, 53 Pa. Superior Ct. 628, which was an action to recover damages for injuries to an automobile, we approved a charge to the jury to the effect that, if it was possible to put the automobile in as good shape as it was before the accident, the measure of damages and the whole measure of damages, would be the actual cost of the repairs and that, if the machine was worth less after it was repaired than its value before the accident, the measure of damages was the difference in the market value of the machine before the injury happened and after it was repaired, plus the cost of reasonably repairing it. In Yeager v. Winton Motor Carriage Co., 59 Pa. Superior Ct. 506, the only question before us was whether it was correct for the trial judge to submit to the jury the question whether or not the market value of the plaintiff's automobile was lessened by the damages done to it, notwithstanding it was repaired. That case does not decide (although it is so reported) that the measure of damages in such a case is the difference between the fair market value before the accident and the fair market value afterwards. As stated by Judge ORLADY, the question involved was disposed of in Price v. Newell, supra. In Stevens v. Adams Express Co., 55 Pa. Superior Ct. 366, the only question raised and decided was whether the plaintiff was qualified to express an opinion as to the amount of depreciation in the value of his car in addition to the proof of how much it cost him to repair it. The question of the proper measure of damages was not before us. We see no merit in the complaint as to the measure of damages applied by the court below.

All of the assignments of error are overruled and the judgment is affirmed.