## Shives v. White-Lyons Motor Company.

*Negligence—Automobiles—Crossing—Right of way—Guest riding in car.*

1. In an action for the death of plaintiff's husband, caused by a collision of an automobile in which he was riding as a passenger with defendant's automobile at a crossing, a verdict for plaintiff will be sustained where, though defendant's car approached from the right, there is evidence that it was going at the rate of forty or fifty miles an hour, while the car in which deceased was riding was going slowly, reached the crossing when defendant was two hundred feet away, and was struck on the right side when it was more than half way over the crossing.

2. A guest is not required to exercise the same degree of care as the driver of the car.

Trespass for personal injuries. Motion for judgment *n. o. v.* C. P. Fayette Co., March T., 1924, No. 86.

*John Duggan, Jr.,* for plaintiff.

*E. C. Higbee* (of *Sterling, Higbee & Matthews*), for defendant.

MORROW, J., Jan. 24, 1927.—This case is before us on a motion for judgment *non obstante veredicto.* No motion for a new trial was filed. It would seem that the defendant is satisfied with the verdict, providing the evidence was such as to carry the case to a jury.

The plaintiff brought suit to recover damages for the death of her husband. She and her husband were riding as guests in an automobile owned and driven by their son, she occupying the left rear seat directly behind her son, and her husband the front seat at his right. The son's infant child was on its grandfather's lap. In the rear seat at the plaintiff's right was another

guest, Joseph Andy. They were traveling south on an ash road which crosses at right angles a concrete road known as the Connellsville-Vanderbilt Road. The automobile operated by the defendant's agent was going east on this concrete road. It was being tested, the engine needing some adjustment. The accident occurred Sept. 1, 1923, between six and seven o'clock P. M., at this right-angled intersection, and resulted in the death of the plaintiff's husband.

There is evidence in the case to the effect that the defendant's car was traveling east on this concrete road at a speed of from forty to fifty miles an hour, that the car in which the plaintiff was riding was going slowly across this concrete road, that when it was a little over half way across, the defend-ant's car struck it on the right side near its front door, knocking or dragging it several feet east, that is, in the direction the defendant's car was going, and caused it to upset on its right side; that the defendant's car swerved to the right, struck a watering trough at the southeastern corner of the inter-section, knocking it loose from its foundation, and then broke off or shattered a telephone pole located about twenty feet east of the watering trough, after which it came to a stop with its rear end in the ditch and the front end out towards the middle of the concrete road. There is evidence that the front end of the defendant's car and the right front side of the other car showed the effects of the collision. There is also evidence that after all four wheels of the car in which plaintiff was riding had gotten on the concrete road, the defendant's car was still a considerable distance from the intersection, one witness estimating the distance to be two hundred feet. Whatever this dis-tance, there was evidence which, if believed by the jury, may have led them to the conclusion that the car in which plaintiff was riding arrived first at the intersection and that it had time to cross and would have crossed in safety had the defendant's car been traveling at a legal and proper speed. One arriving at an intersection a substantial distance in advance of another is entitled to proceed, irrespective of the right or left rule: Weber v. Greene-baum, 270 Pa. 382; Bollinger v. Greenaway, Jr., 83 Pa. Superior Ct. 217.

Counsel for the defendant advanced a different theory as to how the acci-dent happened, and argues that it could not have happened in the manner aforesaid. This theory of the defence is that the car in which the plaintiff was riding swerved to its left to avoid the collision, both arriving at the inter-section simultaneously, and that the defendant's car swerved to its right like-wise to avoid the collision, and struck the watering trough, was deflected back into the road, and collided with the plaintiff's car eighteen or twenty feet east of the intersection. Under this theory, the defendant's car must then have swerved to its right again and shattered the telephone pole at the side of the road some twenty feet east of the watering trough, and, after this, assumed the position in which it was found following the accident, that is, with the rear wheels at the ditch and the front end out towards the middle of the road. We cannot say as a matter of law that there are incontrovertible physical facts showing this theory to be true and that we judicially know the aforesaid evidence of the plaintiff to be in the main incredible. The jury may have considered this explanation of how the accident occurred less reasonable and probable than the plaintiff's version thereof.

Counsel for the defendant would have the court first find that the accident could not have happened in the way witnesses for the plaintiff say it did occur; that, on the contrary, it happened in accordance with the defendant's theory aforesaid; that, in this view of the matter, the defendant's car was in the process of approaching the intersection when the other car came there and consequently, under the law, had the right of way, so that it was the duty

of the driver of the other car to stop or do whatever was necessary to give it the right of way; that there was a good view from the intersection and near it for a considerable distance in the direction from which the defendant's car was approaching; and that, therefore, the proximate cause of the accident was the failure of the driver of the plaintiff's car to make the proper observations as to the approach of the defendant's car. In so arguing, it is conceded that the evidence shows that the driver of the defendant's car was negligent in exceeding the legal and proper speed and in not having his car under proper control, but it is urged that this negligence is wholly immaterial, not being the proximate cause of the accident. Cases were cited at the argument in which the defendants were railroad or street railway companies. It must not be overlooked that the rule of law applicable to a case where two vehicles are approaching each other at right angles at the intersection of two public roads is not the same as that which controls where a vehicle approaches a street on which a street car is approaching. The rights of the street railway company and the driver of a vehicle approaching an intersection are not equal: Bauer v. Armour & Co., 84 Pa. Superior Ct. 174, 177. The same is true as to a railroad company.

One case cited in support of the argument aforesaid on the matter of proximate cause is that of Wood v. Pennsylvania R. R. Co., 177 Pa. 306. In this case, the plaintiff was a passenger on the defendant's platform. A train approached without giving warning by bell or whistle, although making much noise, struck a woman who was attempting to cross in front of it at a grade crossing nearby, and hurled her body through the air against the plaintiff, injuring him. It was argued that this case held that there could be no recovery, for the reason that the proximate cause of the injury was the negligent act of the woman in attempting to cross in front of the approaching train without stopping, looking and listening, overlooking that the liability for concurrent negligence was there recognized. The court said: "This being an action by an innocent third person, he cannot be deprived of his remedy because his injury resulted from the concurrent negligence of two others. He fails because his injury was a consequence so remote that defendant could not reasonably foresee it." Another reason given for no recovery in that case was that the injury was attributable to the sole negligence of the woman killed, there being no concurrent negligence. In a later case, Faust v. Railway Co., 191 Pa. 420, the first paragraph of the syllabus reads as follows: "Where a servant without his master's authority or consent, express or implied, takes his master's infant children into a wagon, in which he delivers his master's goods, and the children are killed by the joint negligence of the servant and a railroad company, the father may recover damages from the railroad company for the death of his children."

In the report of this case it appears that the servant, the driver of the wagon, had a clear and unobstructed view in the direction of the approaching train for a distance of at least 1000 feet from a point twelve feet from the nearest rail, had he stopped and looked, and that he did not stop, look and listen as he approached the crossing.

Another case not supporting the contention of the defence now under consideration is that of Boggs v. Jewell Tea Co., 266 Pa. 428, 433, wherein it is said: "Defendant's negligence must be a proximate cause, but not necessarily the sole cause, of the accident. Even conceding that the negligence of the chauffeur of the ambulance concurred with that of defendant's driver, of which there is slight, if any, evidence, it would not be a defence here. *An action lies against either of joint or concurring wrongdoers.*"

In 8 Thompson on Negligence (White's Supplement), at section 69, the same principle is enunciated: "There may be more than one proximate cause of an accident, and this is the case where each of the causes can be seen to have been an efficient one, without which the injury resulting would not have been sustained.  Two agencies acting entirely independently of each other 'may jointly and concurrently be the proximate cause of an injury when it would not have happened except for the concurrence at proximately the same time and place of the two negligent acts.'"

In volume 1 of the same work (Thompson on Negligence), at section 56, it is stated: "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause unless, without its operation, the accident would not have happened."

This doctrine, as pointed out in the following section, is subject to the proviso that the circumstances were such that the injurious result which did happen might have been foreseen as likely to result from the first wrongful act or omission.  This proviso is recognized in the decision in Wood v. Pennsylvania R. R. Co., *supra*.  That case is, therefore, not inconsistent with the authorities just quoted and furnishes no real support for the defendant's contention above stated concerning the proximate cause of the accident.

Turning now to the facts of the case at bar, it is conceded by the defence, as aforesaid, that there is evidence that in the operation of the defendant's car at the time of the accident there was negligence.  There is evidence from which the jury may have found that the driver of the defendant's car well knew of this intersection of the public roads and came to it at a speed of forty or fifty miles an hour and without having his car under proper control.  It is not unreasonable to conclude that an accident such as did happen might have been foreseen as likely to result from such negligence.  Conceding for the present that the driver of the car in which the plaintiff was riding was also negligent, it is clear that the jury could readily have found that the negligence of the defendant was an efficient cause of the accident, without the operation of which the accident would not have happened.

The only other contention of the defence is that the right of recovery is clearly barred by the contributory negligence of the deceased and of the plaintiff herself, and that judgment must, therefore, be entered for the defendant.

Even if the driver of the car, instead of the plaintiff, a guest therein, had been suing, it seems, under the authorities, that the case would still be for the jury on the question of the plaintiff's contributory negligence.  Keeping in mind the evidence hereinbefore mentioned, the following quotation from Bauer v. Armour & Co., 84 Pa. Superior Ct. 174, 176, leads to the conclusion stated: "In determining whether or not binding instructions should have been given in favor of the defendant on the ground that plaintiff was guilty of contributory negligence, we must accept as true all the testimony and inferences therefrom favorable to plaintiff and reject everything therein unfavorable to him. . . . Under these facts the case was for the jury on the question of plaintiff's contributory negligence.  He was at the street intersection substantially in advance of the truck, and had the right to proceed irrespective of the right and left rule.  He was not obliged to wait for the truck to cross Forty-ninth Street or to stop, unless there was something in the circumstances which made it manifestly dangerous for him to proceed to cross Walton Avenue ahead of the truck.  He saw the truck and could assume that its driver saw his car. . . . We cannot hold as a matter of law that in the circumstances

Shives v. White-Lyons Motor Company.

plaintiff was negligent. Whether he was justified in undertaking to cross ahead of the truck, and whether he did anything to contribute to the accident, was for the jury."

A guest is not required to exercise the same degree of care and watchfulness as the driver: Baker v. Director General of Railroads, 3 D. & C. 150; Nutt v. Pennsylvania R. R. Co., 281 Pa. 372. It is in evidence that the deceased, who was holding the baby, cautioned the driver when nearing the crossing about being careful and that the driver apparently gave heed to this suggestion. The plaintiff was in the rear seat at the left side and had the least opportunity of any one in the car to observe the approach of the defendant's car. According to the evidence, the car in which the plaintiff and the deceased were riding at all times was traveling under control. The question of their contributory negligence was for the jury: Nelson v. Johnstown Traction Co., 276 Pa. 178.

As indicated, it is our opinion that neither of the two propositions urged by the defendant in support of its motion can be sustained.

*Order.*

And now, Jan. 24, 1927, after consideration, the defendant's motion for judgment *non obstante veredicto* upon the whole record is refused, and the prothonotary is directed to enter judgment upon the verdict upon payment of the jury fee.                          From Luke H. Frasher, Uniontown, Pa.