### Patterson v. Stauffer.

*Damages to automobile—Proof of—Negligence.*

A plaintiff can recover damages for injuries to his automobile caused by the negligence of the defendant, although he has had no repairs made, if he proves by competent witnesses what the injuries were and what the cost of repairing them would be.

Rules for a new trial and for judgment for defendant *n. o. v.*   C. P. Lancaster Co., April T., 1926, No. 62.

*Charles W. Eaby,* for defendant and rules; *Charles G. Baker,* contra.

HASSLER, J., July 2, 1927.—This is an action to recover damages for injuries to the plaintiff's automobile, caused by the negligence of the defendant. The jury found that the defendant was negligent, and that the damages sustained by the plaintiff were $103.06. The only reason urged for a new trial is that there was not sufficient proof of the plaintiff's damages.

The automobile of the plaintiff was not repaired after the accident. He produced testimony to show how it was injured. A witness was then called who was experienced in the repair of automobiles, and whose competency was not questioned, who testified that each item of injury to the automobile was and what the cost of repairing each would be. In Bauer *v.* Armour & Co., 84 Pa. Superior Ct. 174, it is decided that where an automobile can be put in as good condition as it was before a collision, the proper measure of damages is the cost of the repairs and not the difference in value before and after the accident. If the value afterwards is less than before it was repaired, the plaintiff would be entitled to recover this difference in value, together with the cost of repair. In Berry on Automobiles (4th ed.), page 957, § 1072, it is said: "The measure is the reasonable cost of repairs made necessary by the negligence complained of; and such cost would be what an automobile repairman would, in accordance with the market and usual rates, charge for the work and materials necessary."

The amount of the damages sustained by the plaintiff to his automobile was shown by this testimony in accordance with these authorities. If, as the defendant contends, the plaintiff could only recover after the repairs had been made, he might be without remedy for such injuries as the plaintiff sustained to his automobile. Under such a rule, if one whose automobile had been damaged could not get any one to repair it, because of lack of credit or for any other reason, he could not recover, no matter how badly his property was injured. This is certainly not the law. It was shown by a witness who is competent to testify to it what the cost of repairs of the injuries shown would be according to the market and usual rates charged for labor and materials required. We are satisfied that this testimony was sufficient to submit the amount of plaintiff's damages to the jury and fully justified the verdict. The rule for a new trial is discharged. The rule for judgment *n. o. v.* is also discharged.

From George Ross Eshleman, Lancaster, Pa.