# El Predomino Cigar Company, a Corporation, *v.* Benjamin Blaustein and Louis Pincus, Trading as Louben Furniture Company, Appellant.

*Practice, C. P.—Motion to continue on account of illness of material witness—Refusal—Discretion of court.*

The action of the trial court in proceeding with the trial of a case will not be disturbed on appeal, where the record establishes that a motion was made for a continuance of the cause on the grounds of illness of a material witness; that the case was postponed until later in the day, pending the securing of a doctor's certificate; that the defendants' counsel did not present the same until the next day, and that the certificate was not sufficiently explicit as to the condition of the witness.

Under such circumstances, there was no abuse of discretion, in refusing the motion and proceeding with the trial of the case.

Argued October 11, 1923. Appeal, No. 204, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1923, No. 707, in favor of plaintiff, in the case tried by the court without a jury in suit of El Predomino Cigar Company v. Benjamin Blaustein and Louis Pincus, trading as Louben Furniture Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover for services rendered. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $154.50. Defendants appealed.

*Errors assigned* were the action of the court in proceeding with the trial and the refusal to grant a new trial.

*Joseph Blank,* for appellant.

*Julius C. Levi,* for appellees.

OPINION BY PORTER, J., November 21, 1923:

This is an action of assumpsit to recover for the amount expended, by plaintiff in installing heating apparatus in the premises owned by the defendants. The plaintiff recovered a judgment in the court below and the defendants appeal.

The first assignment alleges that the court erred in permitting the case to be tried in the absence of Blaustein, one of the defendant partners, "after he had ruled that the case would be kept open pending the production of a doctor's certificate." The record fails to disclose that the court had made any such ruling. This shows the importance of filing a written motion for a continuance, stating the grounds upon which the motion is based. We now have it asserted by counsel for the defendants that when he made an oral motion for a continuance of the cause on the ground that Blaustein, one of the defendants, was ill, the court stated "it would hold the case open during the day, pending the production of a doctor's certificate." Counsel for plaintiff, on the other hand, states that when counsel for defendants made the motion for continuance the court merely "passed the case until noon, at which time defendant was to produce a physician's certificate of Blaustein's illness." The trial of the case was delayed until every other case upon the list had been tried, and it being then afternoon, the case was tried. Defendants' counsel had received the doctor's certificate at two o'clock in the afternoon, but he did not take that certificate to the court until it had adjourned for the day. Had he promptly taken the certificate to court the judge would have had an opportunity to pass upon the propriety of granting a continuance in the circumstances, for the cause was not tried until after two o'clock. These facts

do not appear from the record, but are the statements of counsel for the respective parties, and those that are material appear in the affidavits presented by the defendants in support of their motion for a new trial, the refusal of which motion is the subject of the second assignment of error. These two assignments of error are so linked together, the affidavits in support of the motion for a new trial being merely based upon the allegation that the court erred in refusing to grant a continuance, that if the second assignment be overruled the first must fall with it. The affidavit of defense in this case had been made by the partner Pincus. The affidavits filed in support of defendants' motion for a new trial did not even aver that Blaustein was a material witness. The certificate of the physician, which was received by defendants' counsel on the day of the trial, did not even state that Blaustein was ill, but merely said: "This is to certify that Benjamin Blaustein's presence is required at his home to-day." The contents of this certificate were certainly such as to cause the learned counsel for the defendants to hesitate about producing it in open court. Had that certificate been presented, it is certainly doubtful whether it should have resulted in a further postponement of the trial. Whether such delay ought to be allowed was certainly a matter within the discretion of the court. We would not be warranted in holding that the court below, upon this presentation of facts, abused its discretion when it overruled the motion for a new trial. The first and second assignments of error are dismissed. The evidence was sufficient to warrant a finding in favor of the plaintiff and the third specification is without merit.

The judgment is affirmed.