# Wolf, Appellant, *v.* Altoona and Logan Valley Electric Railway Company.

*Negligence—Automobile—Collision—Measure of damages.*

In an action of trespass to recover for damages to an automobile, the negligence of defendant was conceded. Plaintiff testified that the damage to his car was irreparable and that he had refused to

Syllabus—Assignment of Errors.    [92 Pa. Superior Ct.

remove it from the street.    Defendant, without plaintiff's permission, removed and repaired it.

In such a case defendant cannot fix the extent of his liability by repairing the machine without plaintiff's consent, nor bind plaintiff to accept the result of his voluntary action. The measure of damages, where the repairs would exceed the value of the car, is the difference between the fair market value before the injury and afterwards; and where the car has not been damaged beyond repair and its cost of repair would not exceed the fair market value of the car immediately prior to the accident, the measure of damage is the cost of repair. But the plaintiff is not bound to repair his car to entitle him to compensation for the injury sustained. He can present evidence of the extent of the damage and can attempt to show that the injury was beyond profitable repair which raises an issue of fact for a jury.

A wrong-doer cannot reply to the demand of the injured party for compensation in money by tendering him satisfaction in something different without the latter's consent.

Argued November 23, 1927.   Appeal No. 46 October T., 1927, by plaintiff from judgment of C. P. Blair County, October T., No. 448, 1926, in the case of Richard T. Wolf v. Altoona & Logan Valley Railway Co. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.   Reversed.

Trespass to recover for damages to an automobile. Before Searle, J. S. P.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Errors assigned* were the charge of the Court and answer to points.

*R. A. Henderson,* for the appellant, cited: Dennie v. Railroad Company, 21 Luz. 183; Price v. Newell, 53 Pa. Superior Ct. 628; Yeager v. Winton Motor Carriage Company, 59 Pa. Superior Ct. 506.

*John J. Haberstroh,* for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

This case arises out of a collision between an omnibus of the defendant company and an automobile owned by the plaintiff. The negligence of the defendant was admitted. The only question related to the measure of damages. It appeared from the evidence that the plaintiff's car was parked in front of his house, at the noon hour, on a hillside street, and that the defendant's vehicle, which had been left without any person in charge at a place on the street further up the hill, started down the declivity and came in contact with the plaintiff's car; the force of the impact being sufficient to drive the automobile fifty feet down the street, according to the plaintiff's testimony, with the further effect that the fender and radiator of the car were smashed, a wheel broken, an axle bent, and other injuries inflicted of such a character that the plaintiff considered his car a wreck and refused to remove it from the street. Sometime afterwards, an agent of the defendant company took possession of the car without permission from the plaintiff and delivered it to an automobile repair shop where it was repaired at a cost of $259.39 and thus, as contended by the defendant, ·restored to a condition as good as that in which it was before the accident. The plaintiff regarded the car as a total wreck and valued it at $50 after it was injured. Testimony of witnesses for the plaintiff fixed its value at from $800 to $1,000 before the collision. The defendant's evidence supported in a greater or less degree the position that the car had been restored by repair to the same condition in which it was before the accident. In response to the second point presented by the defendant, ·the court instructed the jury that if the defendant took the car and repaired it and it was capable of being repaired so· that it is as good as it was before, then the plaintiff has suffered no damages and the verdict should be for the defendant. The same instruction was substantially given

in answer to the third point. Under this instruction, the jury returned a verdict for the defendant. The latter concedes that the plaintiff was injured to the amount of the bill of repairs, but contends that it was invested with authority to take possession of the car and without the knowledge or consent of the owner make such repairs thereon as it or its employees deemed necessary or appropriate, and thereby defeat the plaintiff's right of action for the injury. There is no controversy between the parties as to the rule with respect to the measure of damage in cases of automobile collision where a car is injured to the extent that the costs of repair would exceed the market value of the car immediately prior to the accident. This measure is the difference between the fair market value before the injury and afterwards; and where the car has not been damaged beyond repair and the cost of repair would not exceed the fair market value of the car immediately prior to the accident, the measure of damage is the cost of repair. The defendant, instead of responding to the plaintiff's demand to be ascertained according to this rule, voluntarily undertook to liquidate the damages by a process not authorized. The plaintiff was not bound to repair his car to entitle him to compensation for the injury sustained. He could say I do not consider the car in its present condition worth repairing and could attempt to show that the injury was beyond profitable repair, and it was the right of the defendant to show that the car was susceptible of repair at a cost less than its value before the injury, but this does not include the right to take the matter of repair in its own hands without the plaintiff's permission, and thus attempt to fix the extent of its liability. The plaintiff's action is for money; the amount to be recovered depending on the answer of the jury under the evidence to the inquiry whether there was a total loss of the car or whether it was susceptible of repair under the rule of reparation be-

fore stated. As the trial resulted, although the defendant's responsibility for damages was conceded, it recovered a verdict. As the plaintiff was not bound to permit the defendant to repair, he is under no obligation to accept the result of its voluntary action. The plaintiff having proceeded on the assumption that he lost his car was entitled to a verdict if he could satisfy the jury of the truth of his claim. The defendant, on the other hand, might show that the loss was much less and that the car could be profitably repaired and the verdict in either view of the case would be in accordance with the evidence, but we are unable to accept the doctrine that a wrongdoer may successfully reply to the demand of the injured party for compensation in money by tendering him satisfaction in something different, without the latter's consent.

The second, third, sixth and ninth assignments are sustained. The judgment is reversed and the record remitted with a new venire.