Horton *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 4, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

554

*Raymond V. John,* and with him *J. J. K. Caskie,* for appellant.

*Harry A. Hoefler,* for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

This case arose out of a collision of one of the defendant's trolley cars with the plaintiff's automobile. The accident occurred about eleven o'clock in the forenoon, on a clear day in June. The plaintiff's car was at rest facing northward on the west side of Wayne Ave. Desiring to turn the car and move southward, the plaintiff observing that the avenue was free from traffic drove to the east side of the avenue and backed to the west side. In the turning the car was so moved that the rear wheel was at or near the curb of the west side of the avenue, the car facing diagonally toward the west track of the defendant. The location was about three hundred feet south of the point where Chelten Avenue intersects Wayne Avenue. A car line connects these avenues. The car which was in contact with the plaintiff's automobile came along Chelten Avenue, and turned to the right, southwardly on Wayne Avenue. This car was not in sight when the plaintiff was backing his automobile to the west side of the street. Before he had completed the movement of putting the automobile on a line parallel with the car track, the trolley car arrived from the rear without warning and struck the automobile at the left front mud guard with such force as to cause the injury described in the statement of claim. A step of the trolley car extending about eight inches beyond the side of the car was claimed to have been the cause of the collision.

The damage proved was the cost of repair and depreciation in value of the automobile resulting from the fact that it was of less worth in the market after the accident than it was before, notwithstanding the repairs. Such was the case presented by the plaintiff's evidence. Two defenses were introduced, (1) that the car step was not in the position asserted by the plaintiff but that the accident occurred because the plaintiff started his automobile and caused it to collide with the side of the trolley car. (2) That the plaintiff did not show by competent evidence that the automobile was depreciated in value by the accident. The evidence disclosed a well defined controversy of fact. If the plaintiff's evidence as to the manner in which the accident occurred was true, there was evidence of negligence on the part of the defendant. The distance between the place where the trolley car came into Wayne Avenue and the location of the automobile afforded a clear opportunity to the motorman to slacken the speed of his car or to stop it when he could have seen that the plaintiff was endeavoring to put his automobile out of the zone of the movement of the trolley car. And on the facts disclosed by the evidence of the plaintiff he was not negligent in turning his car to drive southwardly, as he observed the condition of the avenue northwardly and saw that no car was approaching from that direction. The evidence with respect to cost and repair was not contradicted, nor was the evidence of the plaintiff's experts contradicted as to the effect of the collision on the market value of a car after all visible injuries have been repaired.

The law with reference to this subject was stated in Bauer v. Armour & Co., 84 Pa. Superior Ct. 179, to be that if the automobile was worth less after it was repaired than its value before the accident the measure of damages was the difference in the market

value before the injury and after the repair in addition to the reasonable cost of repair.

The case was fairly tried, the jury credited the testimony of the plaintiff and there could have been no justification in giving binding instructions to the jury in favor of the defendant or for granting a new trial.

The assignments are therefore overruled, and the judgment affirmed.

---

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.