## Brennan et al. v. Huber, Appellant.

Argued October 12, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, and BALDRIGE, JJ.

*Oliver C. Riethmiller,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY LINN, J., January 28, 1932:

This appeal is from the refusal of judgment for defendant for want of a sufficient reply by plaintiffs to averments under the heading "new matter" in the affidavit of defense in an action of trespass. The statement of claim alleged that plaintiffs' minor child was injured by the negligent driving of defendant's automobile. Defendant filed an affidavit of defense averring that she owned the car but was not in it at the time of the accident; that it was operated by her brother, Joseph Huber, who was her agent and engaged on her business. As new matter, defendant averred, in effect, that prior to this suit, plaintiffs had brought suit against her brother for the same negligent driving of the car, and had recovered verdicts

and judgments against him, and for that reason were not entitled to recover in this action. Plaintiffs replied by admitting that judgment had been recovered against the brother, but denying that they knew, or had means of knowing, prior to the trial, that the brother was defendant's agent; they also averred that the judgment had not been satisfied by Huber. The merits of the case are not before us.

Defendant's motion for judgment was properly refused for the reason that in actions of trespass the legislature has not authorized judgment to be entered for want of a sufficient affidavit of defense, or for want of a sufficient reply by a plaintiff to what a defendant may aver in his affidavit of defense. Defendant contends that such judgment is authorized by the amendment of April 22, 1929, P. L. 627 to section 14 of the Practice Act of 1915. We cannot accept the contention. The Practice Act (1915 P. L. 483) provided in section 13: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted." No affidavit was required unless necessary to put in issue facts which otherwise would have been admitted. It has been held that if a defendant file an affidavit, and make additional averments of defense "broad enough to define the issues," though section 13 does not require him to make them to avoid admissions against him, he is limited on the trial to the issues so made, notwithstanding the exception stated in section 16: Vendig v. Union League

of Philadelphia, 291 Pa. 536, 540. Unless, therefore, a defendant limits his defense by averments within the rule declared in that case, he may put in any other relevant defense at the trial.

Until the Act of April 4, 1929, P. L. 140, amending section 13 of the Practice Act, there was no provision for a counter-claim, or anything like it, whether called set-off or new matter, in an action of trespass; that amendment, however, authorized a defendant, by his affidavit of defense "in the manner by this act [Practice Act of 1915] prescribed" to plead "a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action." It is conceivable that in such case a plaintiff may wish to avoid possible admissions concerning a defendant's averments that, by his silence might result under the earlier part of section 13; he may therefore put such matters in issue by denying averments of defendant's affirmative cause of action made in the affidavit of defense, just as he might file a defense to the statement of claim on the same cause of action if he were defendant and the defendant were plaintiff; (compare Colonial Securities Company v. Levy, 301 Pa. 229, over-ruling O'Hara v. Parrish, 89 Pa. Superior Ct. 177). Prior to that amendment to section 13, there was no necessity to reply to anything in the affidavit of defense in trespass and no authority for it.

The Act of April 22, 1929, P. L. 627 on which defendant relies, amends sections 8, 14, 15, 16, and 17 of the Practice Act of 1915, and he points to section 14. As that section originally stood, it provided that "in actions of assumpsit a defendant may set-off or set up by way of counter-claim against the claim of the plaintiff ......" etc. The amendment has added to the section an additional paragraph beginning: "in all actions to which this act applies, a defendant may set up in his affidavit of defense as new matter, any

averments which are not contained in the statement of claim ......'' To complete the system, section 15 was amended to require a plaintiff to reply to new matter set up by defendant, for which provision is made in the amendment to section 8, just as a plaintiff was required by the original act to reply to a set-off or counter-claim. Defendant now says that the paragraph added to section 14 by the amendment beginning ''in all actions to which this act applies,''— includes actions of trespass because the practice act applies to such actions as well as to assumpsit; that a plaintiff must therefore reply to new matter set up by a defendant in his affidavit in a suit in trespass, and that it must follow that a rule for judgment for want of a sufficient reply may be taken. But the difficulty with the contention is that rules for judgment are provided for in section 17—which plainly limits them to actions of assumpsit. The opening words of section 17 ''in actions of assumpsit'' control and apply to the whole section and limit rules for judgment to assumpsit. The idea of judgment for want of a sufficient affidavit of defense in an action of trespass is inconsistent with the theory and scheme of the practice act and its amendments; such rules are therefore not authorized.

The appeal is dismissed.