## Finkenbinder v. Eberly

*Guy H. Davies* and *Ray T. Harrigan*, for plaintiff.
*E. M. Biddle, Jr.*, for defendant.

REESE, P. J., July 13, 1937.—Plaintiff brought an action against defendant before a justice of the peace to recover for damages caused to his automobile through a collision between it and a car driven by defendant. The justice rendered a judgment in favor of plaintiff, from which defendant appealed, filing the appeal in this court. Plaintiff has filed a statement of claim, setting forth the manner in which the collision occurred and averring and demanding damages in the sum of $214 for repairs and in the sum of $80 for depreciation. Defendant has filed an affidavit of defense in lieu of demurrer, in which he claims that the claim for $80 depreciation must be dismissed for the reason that such damages are consequential, and not direct, and therefore not within the jurisdiction of a justice of the peace.

Under the Act of March 22, 1814, P. L. 182, as amended by the Act of July 7, 1879, P. L. 194, a justice of the peace has jurisdiction "of all actions of trespass . . . wherein the sum demanded does not exceed three hundred dollars".

In cases of trespass, it is unquestionably true that the jurisdiction of a justice of the peace is restricted to those cases which are cases of trespass vi et armis: Sprout v. Kirk, 80 Pa. Superior Ct. 514. It follows that a justice of the peace has jurisdiction in actions of trespass where the injury is direct and immediate, and "Consequential damages, formerly recoverable in an action of trespass on the case, are still without the justice's jurisdiction": Knautt v. Massinger, 116 Pa. Superior Ct. 286, 290.

In the present case, the injury to plaintiff's car was the result of force directly applied by defendant, and hence it is a case of trespass vi et armis: Sprout v. Kirk, supra; Hanlen v. Burns, 15 D. & C. 814. Defendant admits that the claim for $214 for repairs is a claim for direct and immediate damages. But is the claim for depreciation a claim for consequential damages?

When an automobile is damaged by the wrongful act of another, the owner is entitled to receive fair and reasonable compensation for the injury sustained by him. If the automobile were absolutely destroyed, its value would be the measure of damage; if it were not absolutely destroyed, but reduced to wreckage, incapable of being restored by repairs to its former condition, its value before the collision, less the value of the wreckage, would be the measure; if it can be restored by repairs, then the reasonable value of the repairs would be the proper measure of damages, provided that the repairs did not exceed the value of the car before the accident, in which case the measure of damage would be the difference in value before and after the accident: Swartley v. Corcoran, 23 Luz. L. R. Rep. 309, 310; Wolf v. Altoona & Logan Valley Electric Rwy. Co., 92 Pa. Superior Ct. 259, 262. If the automobile is worth less after it was repaired than its value before the accident, the measure of damages is the difference in the market value before the injury and after the repairs in addition to the reasonable cost of repairs: Horton v. P. R. T. Co., 94 Pa. Superior Ct. 553; Bauer

v. Armour & Co., 84 Pa. Superior Ct. 174; Price v. Newell, 53 Pa. Superior Ct. 628; Huston v. Burry Co., 75 Pitts. 413; Swartley v. Corcoran, supra.

It would seem to follow that if an automobile were damaged in a collision by force directly applied, there would be a trespass vi et armis and the injury to the car would be direct and immediate, regardless of which one of the foregoing principles should be applied in measuring the damage. The only case we have found where the precise point before us has been considered, viz., whether depreciation (in addition to repairs) is consequential damages, is an opinion by Judge Hargest in Faunce v. Rowan, 13 D. & C. 109, where it is stated, at page 110:

"It is contended by the defendant that the depreciation is consequential and not such a direct damage as to be within the alderman's jurisdiction. There seems to be no case directly in point. We cannot accept this view. The depreciation was instantaneous after the collision; the damage was immediate, even though it might not be at once ascertainable. There is no doubt that the costs of the repairs, under all the authorities, are damages within an alderman's jurisdiction when resulting from what would formerly have been a trespass *vi et armis*. They are not immediately ascertainable, and we can see no difference in principle between cost of repairs and depreciation. The damage is just as immediate in one case as in the other, and we think that depreciation must be classed as an immediate and not a consequential damage."

The foregoing, in which we fully concur, disposes of defendant's contention, and his affidavit of defense in lieu of demurrer must be overruled.

And now, July 13, 1937, defendant's affidavit of defense in lieu of demurrer is hereby overruled, and defendant is granted leave to file within 15 days, if he so desires, an affidavit of defense to the merits.