## Meehan v. Babbitt, etc.

*Herman A. Becker*, for plaintiff.

*John B. Martin*, for defendant.

LEVINTHAL, J., December 9, 1940.—This matter arises upon a rule to show cause why a new trial should not be granted on the counterclaim in the above entitled action.

The action was instituted by plaintiff to recover personal and property damages allegedly suffered from a collision between an automobile operated by plaintiff and another driven by one Schultz, averredly an agent of defendant. Defendant counterclaimed for damages to his car. The case was on the trial list for Monday, April 15, 1940. On Tuesday, April 16th, after the jury was impanelled and sworn, counsel for plaintiff sought a continuance stating that plaintiff was ill with a sore throat and could not be present in court. However, he was unable to furnish a medical certificate to this effect at the time. Defendant's attorney objected on the ground that the same application had been made before the trial master on the previous day, that plaintiff's attorney then was given until 1:00 p.m. to present a medical certificate, and that at 1:00 p.m. no certificate had been offered nor was the application renewed. The court thereupon denied the application and allowed plaintiff to suffer a voluntary nonsuit. The case proceeded on the counterclaim, plaintiff not being represented at the trial.

The trial was very brief. Defendant offered in evidence paragraphs 2 and 3 of the counterclaim, alleging that the motor vehicle driven by Schultz was owned by defendant and was operated by the former merely as a bailee and not as defendant's agent. No reply having been filed, these were offered in evidence as admitted and so received. Schultz then testified. He stated that he was a motor car salesman; that at the time of the collision he was driving eastward on Olney Avenue on "business"; that as he approached Broad Street the signal light was green, whereupon he proceeded to cross; that the light changed to amber half-way across, at which time he saw the original plaintiff's car approaching northward on Broad Street about 40 or 50 feet away; and that after he had gone about three quarters of the distance across his car was struck on its right side by that driven by the original plaintiff. He testified that the automobile which he drove was repaired by Babbitt Motor Sales, the counterclaiming

defendant. Arthur A. Pearson, a disinterested eye-witness, then took the stand and corroborated Schultz's testimony as to the details of the collision. Defendant thereupon offered in evidence the repair bill of Babbitt Motor Sales for $204.70 and rested. The case being uncontested, the court proceeded to charge the jury.

The charge of the court likewise was very brief. After summarizing the testimony, the court instructed the jury that if this testimony were believed they would be required to find that the collision was due solely to the negligence of the original plaintiff; that, if they found that the drivers of both cars were negligent, this would not bar a recovery by the counterclaiming defendant since Schultz was not an agent, servant, or employe of Babbitt Motor Sales; and that, if they found in favor of Babbitt, the only evidence before them as to the amount of property damage suffered by the latter was the repair bill in the sum of $204.70. The jury rendered a verdict in favor of the original defendant against the original plaintiff on the counterclaim in the sum of $204.70.

Shortly thereafter, upon plaintiff's petition the court granted the instant rule to show cause why a new trial should not be had on the counterclaim. In his petition plaintiff avers, inter alia, that the collision was caused solely by the negligence of Schultz, who was an employe of Babbitt; that plaintiff's failure to attend the trial was due to an illness which prevented him from leaving his home (attaching to the petition a medical certificate to this effect signed by plaintiff's physician); that counsel for Babbitt had offered to settle plaintiff's claim for $50, without prejudice, but no settlement ever was effected; and that plaintiff is desirous of recovering damages for his loss but will be barred therefrom if the uncontested verdict is permitted to stand and likewise will be barred either from defending or counterclaiming against Schultz in the latter's action in the Municipal Court where Schultz seeks damages for personal injuries suffered in the collision.

In support of his claim of illness, plaintiff has offered the deposition of Dr. John Connolly, who testified that he treated plaintiff for laryngitis and an acutely sore throat on Sunday, Monday, and Tuesday, the 14th, 15th, and 16th of April, 1940, and that he had advised plaintiff not to leave the house on these days on account of his condition, although he stated that on the 16th he discharged plaintiff with the observation that the latter would be able to leave the house the following day. Plaintiff also offered his own deposition to the same effect and said that he spent most of Monday and Tuesday in bed. The deposition of one Kuhn also was taken and he testified that he was present when the application for a continuance first was made on Monday, the 15th, that on that day he called plaintiff's home but received no answer and that he also called plaintiff's place of business several times, first receiving the reply that plaintiff was out on the street and later the answer that he was busy. In his testimony plaintiff admits having heard the phone ring several times at his home but explains that he was too ill to answer and that his wife had left the house for church services and some shopping.

Were the only issue involved herein that of plaintiff's disabling illness which allegedly prevented him from appearing at the trial, we should have been somewhat reluctant to grant a new trial; and this, because of our doubts as to whether plaintiff has convincingly established his disability to attend the trial. In this regard, we refer to plaintiff's delay in securing a medical certificate, Kuhn's testimony as to his efforts to reach him by telephone both at his home and at his office, plaintiff's own testimony that he always had a bad throat and that, at the taking of the depositions, his throat felt just as badly then as it did on the 16th of April, and, further, his own statement that if he had contemplated any difficulty in securing a continuance he would have attempted to be present at the trial. Cf. El Predomino Cigar Co. v. Blaustein et al., etc., 82 Pa. Superior Ct. 267 (1923).

On a motion for a new trial, the court should inquire into and correct any error committed at the trial even though special reference was not made to it in the reasons assigned for a new trial: 6 Standard Pennsylvania Practice (1936) p. 359. Several errors in the trial of the case have been brought to our attention. First, it was error to receive into evidence as admitted the allegations of the counterclaim to the effect that Schultz was operating Babbitt's automobile merely as a bailee and not as his agent. The rule as to admissions, prescribed by section 13 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §412, resulting from a failure to answer a statement of claim in trespass, applies only to the agency of the person alleged to have committed the tortious act, namely, defendant's agent or servant. As stated in Flanigan v. McLean, 267 Pa. 553, 558 (1920) :

"Doubtless the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and *charged with the responsibility therefor*....." (Italics supplied).

And more recently, in Mazzo v. F. W. Woolworth Co., Inc., 139 Pa. Superior Ct. 242, 247 (1940), it was stated:

"It is only *averments of fact* contained in the plaintiff's statement of claim, as respects the *agency or employment* of a *person who committed the negligent act*...... which are admitted in actions of trespass by failure to file an affidavit of defense." (Italics supplied in part).

Moreover, it is evident that the rule as to admissions under section 13 of the Practice Act applies equally as well to plaintiff's failure to reply to a counterclaim in trespass: Brennan et al. v. Huber, 104 Pa. Superior Ct. 556 (1932). In the light of the foregoing, it is our conclusion that the original plaintiff's failure to reply to the averments of the counterclaim respecting Schultz's status did not operate as an admission thereof, inasmuch as the latter was alleged to be a bailee of Babbitt, *plaintiff in the*

*counterclaim,* and was not charged therein with responsibility for the collision. So viewed, it was error to receive the allegations into evidence as admitted and to charge the jury that Schultz's negligence would not preclude a recovery by Babbitt if the original plaintiff also were negligent.

Secondly, and more important from the viewpoint of prejudice to the original plaintiff, it is our opinion that it was error to admit into evidence, without any corroboration, Babbitt's repair bill as the only evidence regarding the amount of property damage allegedly suffered by Babbitt, the counterclaiming defendant, and to permit the jury to base its verdict on this alone. As stated in Haughey v. Clush, 10 D. & C. 574 (C. P. Lanc. Co. 1927) :

"There was no competent testimony to show that the repairs charged for in the bill and paid by the defendant were necessary because of the collision in question, nor that the materials charged for in it were used, nor that the time charged for work in making the repairs is proper, nor that the prices charged for labor and materials were reasonable and the ordinary market prices prevailing at that time."

In this connection, it is to be emphasized that it is not the amount charged or paid for repairs to the vehicle that governs the award of damages but the *reasonable* costs of repair. Cf. Bauer v. Armour & Co., Inc., 84 Pa. Superior Ct. 174 (1924) ; Horton v. P. R. T. Co., 94 Pa. Superior Ct. 553 (1928). Smith, Jr., et ux. v. Blafkin, 95 Pa. Superior Ct. 520 (1929), appears to be the only Pennsylvania appellate holding on the instant question and, although reaching a different result, is distinguishable because of the circumstances involved therein. In the Smith case, the plaintiff car-owner testified as to the damages caused his automobile by the collision and although the action was defended and counsel represented defendant at the trial, there was no contradictory evidence offered as to the condition of the car or to show that the

price paid to repair it, as evidenced by the bill for repairs, was unreasonable. The court declared (p. 531) :

"We are not to be understood as approving of the method adopted by counsel for these plaintiffs, but merely say that, under all the circumstances, we are not disposed to set aside the finding. For a full and satisfactory presentation of his case, the safe way is for the plaintiff to introduce competent collateral proof showing that the repairs made were necessary in view of the injuries sustained, and that the prices charged and paid therefor were reasonable."

In the present case, the only evidence introduced at the trial to show the damages suffered from the collision were certain photographs of Babbitt's car which were taken after the occurrence of the accident. Obviously, in the absence of any evidence as to the condition of the automobile prior to the collision, these photographs have very little probative value. Moreover, the fact that the bill for repairs is that of Babbitt himself is a circumstance calling for a substantial amount of corroborative evidence as to the extent of damage suffered and the reasonableness of the charges made. This, in particular, was a circumstance absent in the Smith case.

Had the action on the counterclaim been defended at the trial, it is quite probable that the errors noted above might not have crept into the case. An award of retrial is an inherent power of the court of common pleas and entirely discretionary: Frank, Admr., v. Bayuk, 322 Pa. 282 (1936). In view of all the circumstances of the present case and, in particular, considering the prejudice to the original plaintiff arising from the action of the court in permitting Babbitt's bill for repairs to go to the jury without corroboration, we are of the opinion that justice and equity require that the rule be made absolute and that the action on the counterclaim be retried.

### Order

And now, December 9, 1940, the rule upon the original defendant, Saul Babbitt, individually and trading as

Babbitt Motor Sales, to show cause why a new trial should not be granted on the counterclaim in the above-entitled action is made absolute.