## Gurzon, Appellant, *v.* H. J. Williams, Inc.

518

Argued April 13, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Stephen Teller*, with him *Ben R. Jones, Jr.* and *Frank P. Slattery, Jr.*, for appellant.

*Frank J. Flannery*, for appellee.

OPINION BY MR. JUSTICE JONES, May 24, 1948:

This is an appeal by the plaintiff from a judgment summarily entered on the pleadings by the learned court below in favor of the defendant in an action of trespass for damages for negligence. By stipulation filed of record, the disposition made of this appeal will control similar appeals at Nos. 59 and 60, January Term 1947, taken from judgments entered in like manner in separate actions arising out of the same accident.

The lower court acted as above indicated without any motion for judgment having been made and, merely, in connection with its overruling of questions of law raised by the plaintiff's reply to new matter of the affidavit of defense. All steps in the proceeding up to and including the entry of judgment were taken before January 1, 1947. Hence, the procedural rules pertinent were those in force prior to that date. See Order Adopting Rules of Civil Procedure Governing Actions at Law, 354 Pa. XXIV.

It is plainly evident in the situation present that the judgment was entered erroneously. The procedural question here involved was ruled in *Brennan v. Huber,* 104 Pa. Superior Ct. 556, 558, 158 A. 277, where the defendant moved for judgment for want of a sufficient reply to new matter on the ground that such a pleading was required in an action of trespass by virtue of Sec. 14 of the Practice Act of 1915 as amended by the Act of April 22, 1929, P. L. 627. Judge (now Justice) LINN there held for the Superior Court that "Defendant's motion for judgment was properly refused for the reason that in actions of trespass the legislature has not authorized judgment to be entered for want of a sufficient affidavit of defense, *or for want of a sufficient reply by a plaintiff to what a defendant may aver in his affidavit of defense".* (Emphasis supplied).

In the present instance, no motion for judgment was pending. All that was before the court were the questions of law raised by the plaintiff's reply to the new matter of the defendant's affidavit. Of course, the verity of the new matter was necessarily to be assumed, in the nature of the reply, but only *causa arguendo* for the purpose of considering and disposing of the questions of law raised by the reply. In no event did the new matter so become conclusively established as factual determinants. The reply was the equivalent of a general demurrer at common law; and, upon its being overruled, the plaintiff should have had an opportunity to answer over on the merits. In fact, even though the plaintiff failed to file such an answer, the court would still be without authority to enter a judgment for the defendant in a trespass action because of a deficient or nonexistent pleading that, at most, was purely permissive and not mandatory: *Brennan v. Huber,* supra.

The overruling of the plaintiff's reply was interlocutory and, therefore, unappealable; the stipulation of the parties did not make it otherwise. Such being the real status of the proceeding, we do not reach the ques-

tion of law chiefly argued by the parties to this appeal as to whether liability to third persons continues to rest upon the constructor of a defective structure once he has surrendered to the owner possession of the structure in its negligent condition. Cf. *Curtin v. Somerset,* 140 Pa. 70, 21 A. 244, and cases following it.

A like order will be entered in each of the appeals at Nos. 59 and 60.

Judgment reversed with a procedendo.