## Grazer v. Newman. No. 2

*Richard A. Abbott*, for plaintiff.
*Tallman & Walker*, for defendant.

HENNINGER, P. J., April 3, 1950.—This action in trespass was before us recently when we denied plain-

tiff the opportunity to file an amended statement of claim setting up a new cause of action four years after the occurrence of the circumstances giving rise to this action. Defendant now brings the case to our attention upon a rule for judgment on the pleadings.

Plaintiff's complaint avers that after an accident, defendant improperly reduced a fracture on April 19, 1945, and that without prior notice he ceased treating her on June 6, 1945. Suit was instituted on January 16, 1948, clearly more than two years after the happening of either supposed tortious action. Plaintiff does not explain the delay but contends that the statute of limitations did not begin to run until February 5, 1946, when, at a workmen's compensation hearing, she first learned that she would be permanently crippled.

Defendant filed an answer denying the allegations of the complaint and setting up as "new matter" that the claim was barred by the statute of limitations, endorsing on the answer a notice to plead. Upon plaintiff's failure to reply to the new matter in the answer, defendant filed the present rule for judgment on the pleadings.

Under the Practice Act of May 14, 1915, P. L. 483, 12 PS §382 to 494, incl., the remedy sought by defendant was not available to it: Gurzon v. Williams, Inc., 359 Pa. 517, 519, citing Brennan et al. v. Huber, 104 Pa. Superior Ct. 556, 558:

"In actions of trespass the legislature has not authorized judgment to be entered for want of a sufficient affidavit of defense, or for want of a sufficient reply by a plaintiff to what a defendant may aver in his affidavit of defense."

The case of Gurzon v. Williams, supra (p. 518), calls attention to the fact that the case was not subject to Pa. R. C. P. 1001 to 1007, promulgated January 1, 1947, and relating to procedure in assumpsit and trespass actions. For the reasons hereinafter given, however,

we do not believe that any different rule applies to our present situation.

Pa. R. C. P. 1030 relating to assumpsit lists 16 affirmative defenses, including that of the statute of limitations which must be pleaded in a responsive pleading under the heading, "New Matter". Pa. R. C. P. 1045 (c), relating to trespass, provides: "The affirmative defenses enumerated in Rule 1030 must be pleaded." The effect of the latter rule is to compel a defendant to plead the statute of limitations if he desires to rely upon that defense at trial, which he was not required to do under the Practice Act of 1915, supra, or the Act of May 25, 1887, P. L. 271: Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 286; Hartig v. American Ice Co. et al., 290 Pa. 21, 35 .

Goodrich-Amram, Actions at Law, Prelim. Surv., in speaking of the necessity of a plaintiff's reply in trespass cases states (p. 152) :

"In the third case, the failure to require a reply to the affirmative defenses listed in Rule 1030, and pleaded by the defendant as new matter under Rule 1045 (c), would pervert the entire purpose of Rule 1045 (c). The criticism of the prior practice which resulted in the promulgation of this Rule was founded upon the exclusion from the pleadings of these listed affirmative defenses. It was determined that they should be disclosed during the pleading stage of the action if they were to become issues in the action at the trial. Accordingly the defendant is now required to plead them if he desires to set them up as defenses. It would be a one-sided procedure which required the defendant, under penalty of waiver, to allege these defenses, and, at the same time, gave the defendant no device to require the plaintiff to admit or deny these allegations. It would merely shift the concealment of issues from the defendant's side to the plaintiff's side. Admittedly, there must

be some limit to the pleading stage of an action, and at some point the last allegations must remain unanswered and automatically denied. This is not such a situation. A reply by a plaintiff to the pleading of the defendant has always been recognized as within the reasonable limits of pleading. The plaintiff must file a complete answer to the averments of fact relating to the affirmative defenses in the new matter."

We agree with every statement above quoted except the concluding sentence. Pa. R. C. P. 1045(b) clearly prescribes the sole penalty for failure to answer any responsive pleading as follows:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

This rule, instead of liberalizing pleadings in trespass, narrowed it, for section 13 of the Practice Act of May 14, 1915, supra, 12 PS §412, besides providing that the above enumerated averments should be admitted if not denied, added after the word involved, "and all similar averments". There would still be doubt if those words had been incorporated in rule 1045(b). Without those words—and without attaching added significance to their omission—we see no authority to compel the filing of a reply to new matter, unless a plaintiff desires to deny identity, ownership or agency.

We cannot agree with the cases of Weiss' Apparel, Inc., et al. v. Elks Home Assn. et al., 64 D. & C. 61 and Weygandt v. Bell Telephone Company, 65 D. & C. 177, to the effect that the same rules of pleading apply to affirmative defenses in trespass as in assumpsit. Rule 1045(c) merely requires that the affirmative defenses

mentioned in rule 1030 must now be pleaded in trespass cases. It does not incorporate that or any other assumpsit rule into trespass actions.

Pa. R. C. P. 1041 does provide:

"Except as otherwise provided in this chapter, the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit."

The rules in trespass, however, have a clear exception in rule 1045 (b) and there is nothing in that rule which would exclude from its operation the effect of failure to file a reply. It must apply to replies for it does operate as to a reply to a counterclaim. In our opinion, the clear language relating to the effect of failure to deny takes precedence over any distinction in trespass actions between pleadings intrinsic to tort and those extrinsic to tort. Whether intrinsic or extrinsic, they are still pleadings in trespass actions and subject to rule 1045 (b) and not to any rule (such as 1029 (b)) providing for the effect of failure to deny in assumpsit actions.

We agree with Goodrich-Amram that a plaintiff should be compelled to answer the facts in a pleading in trespass setting up an affirmative defense, but it is clear that no rule of civil procedure now requires it. We recognize that this disposition of the rule either leaves the parties in a stalemate or invites plaintiff into what promises to be a futile trial, but that cannot be helped. The remedy lies with the Procedural Rules Committee and not with the court.

Under the circumstances, we need not decide whether defendant's new matter is a statement of fact calling for reply or a statement of law, requiring no denial. Nor are we deciding that, if plaintiff had replied and set up facts which under the law did not toll the statute of limitations, we could have entertained a motion for judgment on the pleadings by applying assumpsit Rule 1034 to an appropriate action in trespass.

Now, April 3, 1950, defendant's motion for judgment on the pleadings in the above captioned action is denied.