## Geisweit v. Marden et al.

698

[redacted]

*McNerney, Page & Vanderlin,* for plaintiff.

*Candon, Youngman & Gibson,* for defendants.

GREEVY, J., October 19, 1954.—Plaintiff brings this action in trespass and files his complaint to recover from defendants for personal injuries, for damages to his automobile and for loss of its use, and storage. Defendants' filed preliminary objections to the complaint and jurisdiction and assigned the following reasons:

"I. 6. That the cause of action having been alleged to have arisen in Lycoming County [sic Clinton County] and personal service having been made on the defendant, M. E. Norman, in Clinton County, the Courts of Lycoming County are without jurisdiction in this case so far as concerns M. E. Norman.

"II. 1. The complaint in paragraph 8 avers a total destruction of the plaintiff's automobile and makes claim for the same. In spite of the claim for the total destruction of the automobile, the plaintiff, in paragraph 12 of the complaint, demands one hundred fifty-two and 40/100 ($152.40) dollars for rental for another automobile rented by the plaintiff after the accident.

"2. In spite of the plaintiff's claim for total destruction of the automobile in paragraph 8 of the complaint, the plaintiff also claims, in paragraph 13 of the complaint, an item of two hundred eighty-one and 75/100 ($281.75) dollars for storage of said

automobile from the date of the collision, to wit, January 7, 1953, to February 15, 1954, the date of the filing of the complaint. Defendants contend that plaintiff is not entitled to recover rental value or storage where the vehicle is averred to have been totally demolished.

"3. The affidavit to the complaint is improper and illegal because it was taken before O. W. Vanderlin, a notary public, which said O. W. Vanderlin is a partner in the law firm of McNerney, Page & Vanderlin, attorneys for the plaintiff in this case."

The first objection raises a question of jurisdiction over defendant, M. E. Norman, and plaintiff admits the lack of jurisdiction. Therefore, the action is dismissed as to M. E. Norman.

The remaining objections are in the form of a motion to strike off the pleading because of lack of conformity to law or rules of court. The first two reasons are stated by defendant, in his brief, as follows:

"2. Where a claim is made for the difference in the value of an automobile before and after the collision without regard to the cost of repairs, may the plaintiff also recover loss of use of vehicle and storage thereof?"

"The correct measure of damages is laid down in the Restatement, Torts, section 928: 'Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and (b) the loss of use.' This is fair distillation of our cases. See Bauer v. Armour & Co., supra; Price v. Newell,

53 Pa. Superior Ct. 628; Yeager v. Winton Motor Carriage Company, 59 Pa. Superior Ct. 506; Underberg v. Stewart, 86 Pa. Superior Ct. 106; Wolf v. Altoona and Logan Valley Electric Railway Company, 92 Pa. Superior Ct. 259; Horton v. Philadelphia Rapid Transit Company, 94 Pa. Superior Ct. 553. Cf. Stone v. C.I.T. Corporation, 122 Pa. Superior Ct. 71, 184 A. 674." Holt v. Pariser et al., 161 Pa. Superior Ct. 315, 319-20.

Plaintiff does not allege or contend that his car was totally destroyed but seeks to recover the difference between the value of the car before the accident and its value thereafter. This is a proper measure of damages. In addition he seeks to recover for rental of another vehicle. If defendant is liable, plaintiff is entitled to recover for loss of use of his car and the reasonableness of his claim in that regard is a question for a jury. This element is a proper measure of damages. See Frame v. Funderwhite, 5 Chester 118.

Defendant's objection to plaintiff recovering for storage on his car cannot be decided on preliminary objections as preliminary objections cannot be used to raise questions of inclusion of erroneous items of damages: Standard Pa. Practice, Goodrich-Amram Procedural Rules Service 1017($b$)2, page 56. See Suraci v. Ball, 160 Pa. Superior 349. Hubbell's Bakeries, Inc., v. Werner et al., 5 Chester 8.

This objection is overruled.

The third reason, as set forth by defendant in his brief, is as follows:

"3. May a member of a firm of attorneys representing a plaintiff of record in a trespass action, act as notary public in taking the plaintiff's affidavit to the complaint?"

The law in Pennsylvania does not preclude the affidavit of the party to a cause of action being taken by a partner of the attorney of record. Under the law

of Pennsylvania a partner of the attorney representing a plaintiff of record in a trespass action might act as notary public in taking plaintiff's affidavit to the complaint. See 1 Am. Jur. §981.

This objection is overruled.

### Order of Court

And now, October 19, 1954, the preliminary objection to jurisdiction is sustained and the action as to M. E. Norman is hereby dismissed. The remaining preliminary objections are overruled and defendant is allowed 20 days from this date within which to plead over.