## Hollopeter v. Wassil

*George Hardy Rowley*, for plaintiff.

*Martin E. Cusick*, for defendant.

RODGERS, P. J., September 16, 1960.—The question for decision is whether the failure of a plaintiff to reply to an answer in trespass setting up new matter and endorsed with a notice to plead admits any allegations of facts in the answer other than those relating to identity, agency and ownership.

We hold that it does not.

The bar has long sought to have the failure to reply to an answer in trespass amount to an admission of the facts alleged in the new matter. In Brennan v. Huber, 104 Pa. Superior Ct. 556 (1931), the contention was made that the 1929 amendments to the Rules of Civil Procedure made the failure to reply to the

answer in trespass admit more than facts relating to identity, agency and control. The court rejected this contention as contrary to the express provisions of the rules. This holding was affirmed in Guron v. Williams, Inc., 359 Pa. 517 (1948).

This same contention in a trespass action is being made under the rules as presently written and with the same result. Rule 1045 (a) states explicitly:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be denied."

In Boyd v. Rager, 9 D. & C. 2d 660 (1956), we noted the conflict of opinion and held that in the language of the rule "all other averments" were denied. The editor of Goodrich-Amram's 1960 Supplement to volume 1, at page 100, noted that we had declined to follow his text and ergo reached an "absurd result".

Painful as it is for us to disagree with our learned editorial friends we unhappily cannot concur in their gentle dissent. Unlike them we have no right to disregard the plain meaning of the rule even where the result is procedurally something other than pure symmetry.

Until this matter is otherwise resolved by our appellate courts or the legislature, the bar of this county is advised that the failure to reply to an answer endorsed with a notice to plead in trespass actions admits no allegations pled as new matter in the answer except those relating to identity, agency, ownership or control.

### Order

And now, September 16, 1960, the preliminary objection in the nature of a motion for judgment on the pleadings is denied.