## Sanft v. Haisfield Ford, Inc., Appellant.

448

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before PIEKARSKI, J.

*Harold J. Elkman,* for appellant.

*Earl H. Parsons,* with him *Harry A. Short, Jr.,* for appellee.

OPINION BY WATKINS, J., March 21, 1962:

This is an appeal from the judgment of the Municipal Court, now the County Court, of Philadelphia County, in an action of trespass, entered in favor of William J. Sanft, the plaintiff-appellee and against Haisfield Ford, Inc., the defendant-appellant, in the amount of $2595; and from the denial by the court below of the defendant's motion for judgment n.o.v.

The plaintiff, William J. Sanft, delivered his automobile to the Haisfield Ford, Inc., company for repairs. When the repairs were made, the company's employe, one Haig Peters, took the automobile for the purpose of road testing and while road testing it, at the direction of his employer, used it for the purpose of picking up a radiator to be used in the defendant company's business but not for repairs to the plaintiff's automobile. While Peters was so using the plaintiff's automobile, he was involved in a collision with a truck, owned and operated by Joseph Fazio, in which colli-

sion plaintiff's automobile was badly damaged. Sanft brought his action in trespass and Haig Peters, the defendant company's employe, and Joseph Fazio, the truck owner, were brought into the action as additional defendants by the company defendant. After trial, the jury returned a verdict in favor of the plaintiff, and against all three defendants, in the amount of $2595.

The rule in Pennsylvania is that a bailee will be held liable for damage resulting to the bailed goods if the damage has been caused by the bailee's negligence or unauthorized use. *Madrid Motor Corp. v. Dawson*, 166 Pa. Superior Ct. 451, 71 A. 2d 849 (1950). The question of negligence was left for the jury's determination and by their verdict found that Haig Peters and Joseph Fazio were both negligent in the accident causing the damages to plaintiff's automobile and it follows that Haisfield Ford, Inc., the original defendant, would be responsible for the negligence of its employe agent while within the scope of his employment.

Defendant complains that the plaintiff failed to prove the damages caused to his automobile. The plaintiff introduced testimony by calling Edward Haisfield, the owner and president of Haisfield Ford, Inc., as on cross-examination, wherein it was elicited that he valued plaintiff's vehicle before the accident at $3295. An estimate of the cost of repairs to plaintiff's automobile was made by Haisfield Ford, Inc., however, no evidence as to the result of the estimate was introduced. William J. Freed, a qualified expert, testified as to the condition of plaintiff's automobile before the accident and that he examined plaintiff's automobile after the accident for the purpose of estimating the repairs and concluded that the automobile was not worth repairing and therefore secured bids for salvage of plaintiff's automobile, the highest of three such bids being $700. From this testimony the jury was justified in returning a verdict, evidently arrived at, by the differ-

ence between the testified value of the plaintiff's vehicle before the accident of $3295, and the salvage bid of $700 or $2595.

The measure of damages to an automobile not damaged beyond repair is the cost of repair. *Wolf v. Altoona & Logan Valley Elect. Rwy. Co.,* 92 Pa. Superior Ct. 259 (1928). Or, as was stated in *Horton v. Phila. Rapid Transit Co.,* 94 Pa. Superior Ct. 553 (1928), the difference in value before damage and after repair, plus the cost of repair. The plaintiff is not bound to permit the defendant to repair but may proceed on the assumption that he lost his car and would be entitled to a verdict if he can satisfy the jury to the truth of his claim. The burden then shifts to the defendant to show that the loss was less and the car could profitably be repaired. The evidence in this case shows that the plaintiff had estimates for repairs made and that his expert determined that his automobile was not worth repairing and proceeded to secure salvage bids. The defendant entered no evidence as to the cost of repairs and whether or not they were less than the value of the automobile. This case was fairly tried and from the evidence the jury was well able to arrive at the verdict it did.

As to the verdict having been rendered against all three defendants, there can be no complaint as it was apparently the finding of the jury that all three defendants were jointly and severally liable for the amount of damage to plaintiff's vehicle. Haig Peters, and Haisfield Ford, Inc., would stand as one defendant, as it is undisputed that Peters was the employe-agent of the defendant and joined by the defendant in this proceeding.

Judgment affirmed.