## Eisenhart v. Coach Systems, Inc.

*George M. Elsesser, Jr.,* for plaintiff.
*Michael P. Laucks,* for defendant.

BUCKINGHAM, J., August 19, 1966.—According to her complaint, plaintiff parked her car at defendant's parking lot. While not expressly stated in the complaint, it is implicit therein that this was a mutual type of bailment or bailment for hire. The complaint further alleges that plaintiff demanded the return of the car, that defendant failed or refused to return same to plaintiff, defendant's agent, John Rudisill, having delivered possession of the car to another, that the car was damaged while in the possession of defendant, and that the damage was due to the negligence of defendant. Plaintiff seeks damages for the loss of value to the car as represented by the difference in its value before damage and after repair, plus the cost of repair. Defendant has filed preliminary objections to the complaint in the nature of a demurrer and a motion for a more specific pleading, on the grounds that plaintiff has not alleged what the negligence of defendant or its agent, John Rudisill, was, and that plaintiff is not entitled to the loss of the value to the car in addition to the cost of repairs.

Defendant's preliminary objections must be dismissed. While it is true that the bailee is not liable to the bailor except for the bailee's negligence, 5 P. L. Encyc. 115 §31 sets forth the law governing this situation by stating:

"Upon the proof that there was a bailment, that there has been a demand for the return of the bailed article, and that there has been a failure to return the

article or that the article has been returned in a damaged condition, the negligence of the bailee is presumed in the mutual benefit type of bailment or bailment for hire. . . . On the establishment of a prima facie case by the bailor, the bailee is presumed to have been negligent unless the bailee shows that the circumstances of the loss were consistent with due care on his part or that, however the loss occurred, it was not due to his fault. . . . or by showing that the bailee had exercised due care in all respects . . . As applied to the bailee, the rule of the presumption of negligence is based on the theory that, since the bailee had exclusive possession of the bailed goods, the acts which attended the loss to such goods must have been peculiarly within his knowledge".

To the same effect is Levin, Summary of Pennsylvania Jurisprudence, Personal Property Law, §49, page 56. As may easily be seen, all plaintiff has to do, as present plaintiff has done, is to allege the mutual benefit bailment or bailment for hire, the demand for the return of the goods, and the failure to return same or the damage thereto while in the possession of the bailee. This places the burden on the bailee to come forward and allege and prove that the loss occurred through no negligence on his part or of his servants.

Finally, as plaintiff points out in her brief, measure of damages of an automobile not damaged beyond repair is the difference in value before damage and after repair, *plus* the cost of repair: 11 P. L. Encyc. 430 §58; Sanft v. Haisfield Ford Inc., 197 Pa. Superior Ct. 447 (1962). In view of the foregoing, the following order is entered:

And now, to wit, August 19, 1966, the preliminary objections of defendant to plaintiff's complaint are hereby dismissed, with leave to defendant to file an answer to the complaint within 20 days of the date of this order. An exception is granted to defendant.