## Morris v. Harrisburg Taxicab & Baggage Co.

*Richard C. Angino* and *Jerry B. Silver,* for plaintiff.
*Charles E. Sweigard,* for defendant.

LIPSITT, J., November 19, 1969.—Before the court is a motion for a new trial [1] by defendant, Harrisburg Taxicab & Baggage Co. (hereinafter referred to as "Harrisburg Taxicab") following a jury verdict in favor of Lillian E. Morris, plaintiff. The only matter to be considered is the amount of special damage allocated by the jury for plaintiff's automobile as the result of a vehicular collision. The specific issue is whether the correct measure of damages to the automobile was properly presented at the trial.

Both parties agree that Restatement, Torts §928 has been adopted as the law of Pennsylvania. This section states:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use."

See Holt v. Pariser, et al., Appellants, 161 Pa. Superior Ct. 315 (1947).

The controversy between the parties lies in the problem of the election of the measure of damages

---

[1] Defendant filed a motion for a new trial on general grounds and a motion for judgment n.o.v. On argument, the issue was limited to a motion for a new trial on the question of plaintiff's automobile damages only.

to be made, if any. Section 928 is silent as to any mandatory requirement of election. It merely indicates the two possible measures of damages to chattels. However, no reason appears why a plaintiff should be constrained to an actual election of a specific measure of damages. A recent Superior Court decision infers that the option is completely open to a plaintiff and that an election is not mandatory: Sanft v. Haisfield Ford, Inc., 197 Pa. Superior Ct. 447 (1962).

Even were such election made, plaintiff should not be prevented from utilizing the other measure of damages. All relevant evidentiary proof of loss should be presented to the jury for its consideration and application to the law as presented by the court in its charge, a charge, incidentally, which adopted the aforementioned section 928 of the Restatement of Torts as the appropriate measure of damages. It may be of interest to note the comment of the late Judge Sheely who, sitting in this court, said in Boulding v. Hughes, 59 Dauph. 377 (1948), at page 383:

"The difference between the two methods of computing damages, however, seems immaterial since theoretically the same result should be reached by either method: . . ."

Harrisburg Taxicab further contends that plaintiff did not present enough evidence to fix the actual loss to the automobile, since none of plaintiff's witnesses had enough factual knowledge to do so, and because no evidence was exhibited as to economic repair and salvage value. Moreover, defendant submits that the entire presentation to the jury was confusing as such. The record speaks for itself. The manager of the used car lot who sold the vehicle to the plaintiff testified that the purchase was made on May 3, 1966, for $575, that at the time immediately prior to the accident on February 18, 1967, the car would have been worth $450. The automobile had not been repaired but the

manager of a body shop who made the estimate testified the cost to repair would have been $330.23. The jury verdict was in the amount of $440. Defendant claims the witness who testified as to the value before the accident had not seen the automobile immediately before, nor had he examined it following the accident, and thus he was speculating as to the before and after valuation by referring to the estimate of another witness.

While the jury's finding might be substantiated by the evidence, there is one aspect of this item of damage which is troubling. The allegation in the complaint sets forth as a claim only the amount of the repair bill, which was $330.23. Certainly, this sum was recoverable: Sanft v. Haisfield Ford, Inc., supra, at page 450. And there could be no question that the testimony relative to this amount was properly presented by a qualified witness.

Actually, the jury verdict was in favor of plaintiff in the amount of $2,500 with a special finding that $440 was included therein for the automobile damage. In that $330.23 was the extent of the demand for this item, the verdict should be reduced to $2,390.23.

Accordingly, we enter the following

## ORDER

And now, November 19, 1969, defendant's motion for judgment n.o.v. is overruled. Upon plaintiff filing a remittitur in the amount of $109.77 within 30 days of the date hereof, defendant's motion for a new trial is thereupon dismissed. Upon failure of plaintiff to file such remittitur within the specified time, a new trial is hereby ordered limited to the automobile damage.